## Richmond

### Donna Vivian Greene

### v.

### Raymond Lawrence Greene

March 12, 1982.

Record No. 810871.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*C. F. Hicks (Martin, Hicks & Ingles, Ltd.,* on brief), for appellant.
*Robert M. Brown, Jr. (Hudgins, Neale & Brown,* on brief), for appellee.

PER CURIAM.

Donna Vivian Greene and Raymond Lawrence Greene were divorced by decree of the trial court entered September 2, 1980, and the custody of their two children was awarded to Mr. Greene. No award of alimony or child support was made at that time.

On December 30, 1980, Mr. Greene filed a petition seeking an award of child support, alleging a material change in his financial condition occasioned, *inter alia,* by the entry of a judgment in a court in Florida. This judgment required him to pay Mrs. Greene $500 a month for child support, and $20,800 for counsel fees and costs in a Florida proceeding in which she had been awarded custody of the children. After hearing evidence *ore tenus,* the trial court, by decree entered March 9, 1981, awarded Mr. Greene child support of $500 per month, and required Mrs. Greene to pay her former husband $20,800 for his counsel fees. Mrs. Greene's petition for an appeal from this decree was filed with the Clerk of this Court on June 1, 1981.

It further appears that on August 30, 1981, while Mrs. Greene's appeal was pending here, the trial court entered another

decree in this cause, in which it again awarded Mr. Greene child support and counsel fees in the same amounts as it had awarded him in the March 9 decree, but recited that the child support award "is an offset against the award of support of the Florida Court" and added further that its award of counsel fees to Mr. Greene should become "null and void should the decree of the Florida Court awarding $20,800.00 counsel fees and cost be set aside."

Mrs. Greene's appeal of the March 9, 1981, decree is limited to a consideration of the action of the trial court in awarding counsel fees to Mr. Greene in the amount of $20,800.

 Counsel fees, if any, must be awarded upon "a proper showing of what is reasonable." *Robertson v. Robertson,* 215 Va. 425, 430, 211 S.E.2d 41, 45 (1975). In the instant case, there is no evidence in the record before us of the nature, the extent, or the reasonableness of the services rendered by Mr. Greene's counsel in connection with the proceedings then pending before the trial court. Indeed, it is obvious that the court awarded counsel fees solely in retaliation for what the court considered to be an unconscionable award against Mr. Greene made in another proceeding by a Florida court. This action by the trial court was taken without supporting evidence, is plainly wrong, and must be reversed.

 Counsel for Mr. Greene suggested in argument on appeal that the issue upon which the appeal was granted may have been rendered moot by the decree entered on August 30, 1981. We disagree. The orderly administration of justice demands that when an appellate court acquires jurisdiction over the parties involved in litigation and the subject matter of their controversy, the jurisdiction of the trial court from which the appeal was taken must cease. We acquired jurisdiction over this matter when Mrs. Greene's petition for appeal was filed and docketed in the Clerk's Office of this Court, and thereafter corrections and alterations could be made only with leave of this Court. *Lamb v. Commonwealth,* 222 Va. 161, 165, 279 S.E.2d 389, 392 (1981).

Accordingly, the decree complained of is reversed, and the case is remanded for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded.*