**Salem**

JOYCE FRANCES McFADDEN DECKER

v.

JOHN G. DECKER

No. 0447-93-3

Decided January 25, 1994

COUNSEL

Harry F. Bosen (Charles B. Phillips; Phillips, Doherty & Swanson, on briefs), for appellant.

James F. Stutts (Gregg A. Scoggins; James H. Ford; McGuire, Woods, Battle & Boothe, on brief), for appellee.

OPINION

**MOON, C.J.**—Joyce Frances McFadden Decker appeals the trial court's ruling that it did not have jurisdiction to increase or otherwise modify its *pendente lite* spousal support award while the final decree of divorce was on appeal. We hold that the trial court correctly decided that it did not have jurisdiction to modify the award once the Court of Appeals had acquired jurisdiction over the parties and the subject matter of the controversy. Because Ms. Decker failed to obtain leave of the Court of Appeals to seek a modification, the trial court correctly refused to modify the award.

On January 25, 1990, the trial court issued an interim decree directing John G. Decker to pay *pendente lite* spousal support, *nunc pro tunc* to November 16, 1989, in the amount of $6,818.72. In a subsequent order, that court directed Mr. Decker to "increase his monthly spousal support paid to the Complainant by the current sum of $51.20 per month beginning with his payment due May 16, 1992." On June 30, 1992, the court issued a final divorce decree. The decree provided in part:

> It is ADJUDGED, ORDERED AND DECREED that the *pendente lite* spousal support Order and Order for payment of the Complainant's Blue Cross/Blue Shield health insurance coverage and non-covered medical costs currently in effect shall remain in effect until the end of the calendar month in which the monetary award granted to the Complainant is paid in full by the Respondent, said issue of spousal support being subject to the continuing jurisdiction of this court as provided for by law. It is ORDERED that the Complainant's rights to an award to periodic and/or lump sum spousal support are specifically reserved in the breast of this Court as the future circumstances of the parties may require.

This order was appealed to the Court of Appeals. Supersedeas was not sought.

Subsequently, on August 31, 1992, Ms. Decker filed a motion in the trial court for modification of her "*pendente lite*" support award. The trial judge ruled that it did not have jurisdiction to modify the spousal support order because the case was on appeal.

In *Greene v. Greene*, 223 Va. 210, 288 S.E.2d 447 (1982), the Supreme Court of Virginia held that a decree altering an award of

counsel's fees to the husband was ineffective because the decree was entered while an appeal of the original decree was pending. In nullifying the trial court's alteration of its prior decree, the Court stated:

> The orderly administration of justice demands that when an appellate court acquires jurisdiction over the parties involved in litigation and the subject matter of their controversy, the jurisdiction of the trial court from which the appeal was taken must cease. We acquired jurisdiction over this matter when Ms. Greene's petition for appeal was filed and docketed in the Clerk's Office of this Court, and thereafter corrections and alterations could be made only with leave of this Court.

*Id.* at 212, 288 S.E.2d at 448 (citation omitted).

■ This Court acquired jurisdiction when Ms. Decker's appeal was filed and docketed in the clerk's office of the Court of Appeals. Thus, while the trial court may enforce a support and custody order, it may not modify such order without leave of court. *See id.* Only under compelling circumstances would this Court likely grant such leave. Here, the petition for change in support came sixty days after the final decree of the divorce. Ms. Decker sought payment primarily for expenses that should have been anticipated at the time of the final order. Because no leave of court was sought, the trial court did not err in refusing to modify the award.

■ Ms. Decker's contention that Code § 8.01-676.1(D)[1] overrules *Greene* is incorrect. Under Code § 8.01-676.1(D), the trial court in a civil proceeding is empowered to suspend or refuse to suspend the execution of its judgment, decree or order during the pendency of an appeal. This case deals with Ms. Decker's request to modify, not execute upon, her support order. Thus, Code § 8.01-676.1(D) is not applicable. The decision of the trial court is affirmed.

*Affirmed.*

Coleman, J., and Willis, J., concurred.

---

[1] Code § 8.01-676.1(D) states:
  The court from which an appeal is sought may refuse to suspend the execution of decrees for support and custody, and may also refuse suspension when a judgment refuses, grants, modifies, or dissolves an injunction.