COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Senior Judge Hodges
Argued at Alexandria, Virginia


CYNTHIA MARGOUPIS

                                    MEMORANDUM OPINION* BY
v.    Record No. 1168-98-4          JUDGE WILLIAM H. HODGES
                                       FEBRUARY 23, 1999
THOMAS MARGOUPIS


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        F. Bruce Bach, Judge

        Morgan Brooke-Devlin for appellant.

        David E. Jones for appellee.


     Cynthia Margoupis (wife) appeals the decision of the circuit

court vacating its original decree of divorce and granting Thomas

Margoupis (husband) a new trial based upon newly-discovered

evidence.  Wife raises the following issues on appeal:

     (1)  whether the trial court erred by vacating the first
          final decree of divorce and granting husband a new
          trial;
     (2)  whether the trial court erred by granting husband's
          motion for suspension of support pending appeal;
     (3)  whether evidence supports the trial court's award of
          equitable distribution, spousal support, and child
          support;
     (4)  whether the trial court abused its discretion in
          awarding husband attorney's fees and denying her
          attorney's fees when husband failed to sustain his
          burden of proof at the retrial; and
     (5)  whether wife should be awarded attorney's fees and
          costs incurred in this appeal.

In his response, husband raises two additional issues.  Husband

contends that the trial court erred (1) in granting a divorce on

the ground of a one-year separation despite the fact that no

─────────────────
     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

evidence supported wife's exceptions to the commissioner's finding that she deserted the marriage; and (2) by awarding wife spousal support. Husband also contends that wife's request for appellate attorney's fees is not justiciable. We find no error, and affirm the decision of the trial court.

Evidence on the grounds for divorce was heard by a commissioner in chancery. The trial court received the additional evidence <u>ore</u> <u>tenus</u>. On appeal, under familiar principles,

> we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below. Where, as here, the court hears the evidence <u>ore</u> <u>tenus</u>, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.

<u>Martin v. Pittsylvania County Dep't of Social Servs.</u>, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

### Vacation of Divorce Decree and Grant of New Trial

The party seeking a new trial based upon a claim of newly-discovered evidence has the burden of establishing that the evidence

> (1) appears to have been discovered subsequent to the trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial.

<u>Odum v. Commonwealth</u>, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983). See <u>Carter v. Commonwealth</u>, 10 Va. App. 507, 512-13, 393

- 2 -

S.E.2d 639, 642 (1990). The granting of such a motion is not favored, considered with special care and caution, and awarded with great reluctance. See Odum, 225 Va. at 130, 301 S.E.2d at 149. Whether a new trial will be granted is a matter committed to the sound discretion of the trial court, and its decision will not be reversed except for an abuse of discretion. See Carter, 10 Va. App. at 514, 393 S.E.2d at 642.

In a motion filed within twenty-one days of the entry of the final divorce decree, husband alleged that newly-discovered photographs demonstrated that wife misrepresented the nature of her relationship with Mountain Kim. Husband supported his motion with an affidavit. The trial court ruled that the allegations, if true, could have a bearing on the spousal support and equitable distribution trial, and vacated the final decree. We find no error in the trial court's action to preserve the matter for further consideration of husband's allegation.

We also find no merit in wife's contention that the trial court erred as a matter of law by failing to make the necessary findings prior to ordering a new trial. Both the transcript of the hearing on husband's motion and the court's order of January 24, 1997, demonstrated that the trial court made sufficient findings.

Throughout the first proceeding, wife denied any financial or romantic relationship with Kim. She testified that she paid Kim rent, that she received no money from him, that they took two specific trips together, and that they were not romantically

involved.  At the second trial, after the photographs were discovered but returned to wife in settlement of the criminal complaint she registered against Kim's son, wife asserted her Fifth Amendment rights in response to questions concerning her relationship with Kim and their travels.  Evidence presented at the second trial demonstrated that payments to Kim's business were endorsed to wife, who then deposited the checks into her account.

Contrary to wife's contentions on appeal, the after-discovered evidence was relevant to the accuracy of wife's testimony at the first trial and to her claimed expenses.  We find no error in the trial court's decision to grant husband's motion for a new trial.

## Suspension of Support

Wife contends that the trial court erred when it suspended wife's spousal support while she appealed its order vacating the final decree.  We disagree.  "The orderly administration of justice demands that when an appellate court acquires jurisdiction over the parties involved in litigation and the subject matter of their controversy, the jurisdiction of the trial court from which the appeal was taken must cease."  Greene v. Greene, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982).  After the appellate court acquires jurisdiction over a matter, modifications can be made only with leave of the appellate court. See id.

However, modification of an order is distinct from suspension of the order.  Code § 8.01-676.1 provides that "[t]he court from which an appeal is sought may refuse to suspend the execution of decrees for support and custody, and may also refuse suspension when a judgment refuses, grants, modifies, or dissolves an injunction."  The Supreme Court noted that

> the General Assembly specifically has addressed the suspension of a support order pending appeal.  Generally, a party appealing an ordinary judgment is entitled to have the execution of the judgment suspended pending an appeal upon the filing of a sufficient appeal bond or irrevocable letter of credit.  Code § 8.01-676.1(C).  In contrast, a party is not entitled as a matter of course to suspension of a judgment for spousal support pending appeal.  Code § 8.01-676.1(D) authorizes a court to refuse to suspend such orders.

Reid v. Reid, 245 Va. 409, 414, 429 S.E.2d 208, 211 (1993).  Thus, a trial court may, but is not required to, refuse to suspend an award of spousal support pending appeal.  This Court noted that Code § 8.01-676.1(D) empowers "the trial court in a civil proceeding . . . to suspend or refuse to suspend the execution of its judgment, decree or order during the pendency of an appeal."  Decker v. Decker, 17 Va. App. 562, 564, 440 S.E.2d 411, 412 (1994) (emphasis added).

The trial court's final decree was vacated by order entered January 24, 1997.  The trial court lost jurisdiction to modify this order when wife's appeal was filed with this Court.  However, the trial court retained authority to suspend its order

- 5 -

of spousal support during the pendency of the appeal.  Code § 8.01-676.1(D).

### Sufficient Evidence

Wife contends that insufficient evidence supports the trial court's decision on equitable distribution, spousal support, and child support.  We disagree.  The trial court found that evidence presented by husband at trial was sufficient to demonstrate that wife failed to truthfully describe the nature of her relationship with Kim.  The trial court specifically found that it did not believe wife's testimony concerning the payments she received from Kim:  "As far as spous[al] support, I've reconsidered spous[al] support, enlightened by my findings of what your real expenses were as opposed to what you testified to, and I am setting spous[al] support at One Hundred Fifty Dollars per month."  The trial court considered the evidence presented by husband concerning the financial benefits wife received from Kim and whether those benefits affected the amount of spousal support to which wife was entitled.  See Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).  Evidence in the record supports the trial court's decision to adjust the amount of spousal support previously ordered.  We find no error.

Because the amount of child support was readjusted pursuant to the modified spousal support award, we also find no error in the child support award.

The trial court granted husband an additional five percent share of his 401(k) pension plan as reimbursement for earnings

- 6 -

lost due to a loan taken from the pension during the marriage. While on appeal wife objects to this ruling, she did not specify how it was erroneous. "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989). Evidence supports the trial court's equitable distribution decision, as modified.

There was no error in the trial court's decision to limit the issues on retrial to those possibly tainted by wife's failure to testify accurately. While wife alleged that husband's income was underreported, she did not file a motion to bring that issue before the court and the trial court ruled that it would not consider that issue in the absence of any motion. The trial court considered the evidence before it. Therefore, the trial court's decision on equitable distribution, spousal support and child support will not be set aside.

### Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper

award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Wife contends that the trial court erred by awarding husband attorney's fees incurred in the second trial while denying her additional fees. We disagree. Wife's misrepresentations on material and relevant facts warranted the new trial. Contrary to wife's assertion on appeal, the trial court found that husband's allegations were meritorious. We cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

### Attorney's Fees on Appeal

We find no merit in wife's appeal. Therefore, we decline her request for appellate attorney's fees. However, we reject husband's contention that wife raised a non-justiciable matter by seeking appellate attorney's fees. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

### Grounds for Divorce

The trial court granted the parties a divorce on the basis of a one-year separation. Husband contends that the trial court abused its discretion by rejecting the commissioner's finding that husband proved wife deserted the marriage because there was no factual basis for wife's exceptions to the commissioner's report. "It is well established that 'where dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the

divorce.'" <u>Williams v. Williams</u>, 14 Va. App. 217, 220, 415 S.E.2d 252, 253 (1992) (citation omitted). Evidence supported the ground on which the trial court granted the divorce. We find no abuse of discretion in the trial court's decision not to award husband a divorce on the ground of desertion.

<u>Award of Spousal Support</u>

Husband also contends that the trial court erred by awarding wife any spousal support in light of the evidence that she deserted the marriage. Assuming without deciding that the evidence supported a finding of desertion by wife, her fault would not necessarily bar spousal support. <u>See</u> Code § 20-107.1. Wife testified she was working three jobs. The trial court reduced the amount of spousal support wife received after determining she failed to accurately disclose her income and expenses. Based upon the evidence, the trial court found that wife was entitled to $150 in monthly spousal support. Husband has failed to demonstrate that the trial court erred in making that award.

In conclusion, we affirm the decision of the trial court granting husband a new trial, suspending spousal support pending wife's first appeal and retrial, modifying spousal support and child support, modifying the equitable distribution award, and awarding husband attorney's fees incurred in the second trial. We find no error in the trial court's decision to award the

parties a divorce on the ground of a one-year separation or to award reduced spousal support to wife.

<u>Affirmed.</u>
