COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


LANDON T. A. SUMMERS

MEMORANDUM OPINION[*]

v.    Record No. 2759-98-4                                   PER CURIAM
                                                             JUNE 15, 1999

MARCIA LEE BROWN SUMMERS


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Barnard F. Jennings, Judge Designate

(Dr. Landon Summers, pro se, on briefs).

(David E. Roop, Jr.; Condo & Masterman, P.C.,
on brief), for appellee.


Landon T.A. Summers (father) appeals the final decree of

divorce entered by the circuit court on October 27, 1998.  By

decree entered December 18, 1997, the trial court resolved the

permanent custody issues between the parties.  On the father's

appeal from that decree, this Court summarily affirmed.  See

Summers v. Summers, No. 2669-97-4 (Va. Ct. App. Nov. 10, 1998).

The Supreme Court of Virginia dismissed the father's petition for

appeal of that ruling.  See Summers v. Summers, No. 990067 (Va.

Feb. 17, 1999).

The father contends that the trial court violated his rights

to due process and equal protection by the following actions:

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

1) entering a custody decree that was both interlocutory and final;

2) entering a final decree of divorce in violation of Rule 1:1, after having entered a final decree as to custody and child support without any reservation of jurisdiction;

3) ruling that the October 24, 1997 support order was a final decree and failing to make written findings of fact;

4) effectively overturning the final decree of divorce by entering a pendente lite support order on December 18, 1998;

5) entering a divorce decree which conflicts with the trial court's jurisdiction conferred by Code § 20-103;

6) ruling that there is a statutory difference between Code § 20-103 pendente lite orders and interlocutory orders pending a final order of divorce;

7) denying the father access to his children's medical and school records without good cause;

8) denying the father mediation;

9) entering the final decree of divorce without hearing testimony and without a properly filed commissioner's report; and

10) violating the father's civil rights so that the father is entitled to costs and attorney's fees from the trial court judges pursuant to 42 U.S.C. § 1983 and compensatory damages from other state agents for denial of his federally protected rights.

In her response, Marcia Lee Brown Summers (mother) seeks an award of fees incurred in this appeal.

-

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the judgment of the trial court. See Rule 5A:27.

## Certification Motion

As a preliminary matter, we deny the husband's motion to certify this case to the Supreme Court of Virginia pursuant to Code § 17.1-409. This case raises no imperative public question justifying a deviation from normal appellate practice. See Code § 17.1-409(B)(1).

## Issue One

The father's appeal of the pendente lite support order was dismissed by this Court for lack of appellate jurisdiction. See Summers v. Summers, No. 2826-97-4 (Va. Ct. App. Jul. 6, 1998). However, the father's appeal of the permanent custody decision is now final. See Summers, No. 2669-97-4 (Nov. 10, 1998); and Summers, No. 990067 (Feb. 17, 1999).

Res judicata "precludes the relitigation of a claim or issue once a final determination on the merits has been reached by a court of competent jurisdiction." Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 617-18, 376 S.E.2d 787, 788 (1989). While the father's present appeal seeks to recast the custody issues raised in his prior appeal, he has heretofore exhausted his right to appeal the custody decrees entered by the trial court on October 17, 1997 and December 18, 1997. He may not continue to

-

seek appellate review of those orders.  Therefore, we hold that the father is barred by res judicata from pursuing issue one.

### Issue Two

In the father's prior appeal, this Court held that the trial court did not err in deciding the issue of custody by its order entered December 18, 1997.  See Summers, No. 2669-97-4 (Nov. 10, 1998).  The decision concerning the grounds for divorce and equitable distribution was unaffected by that ruling and remained pending before the trial court.  The father misconstrues Rule 1:1 when he argues that the trial court lost jurisdiction in Chancery No. 147468 after entering the interlocutory custody decree.  Rule 1:1 provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."  This rule prohibited modification of the entered custody order more than twenty-one days after its entry; it did not deny the trial court jurisdiction over the issues of the case still pending and unaffected by the custody order.  Therefore, the father's argument on this question is without merit.

### Issue Three

The father previously appealed the trial court's pendente lite child support order, entered October 24, 1997.  As this Court noted in its order dismissing the father's appeal, orders of support pendente lite are not final, appealable orders.  See

-

Summers, No. 2826-97-4 (Jul. 6, 1998).  That ruling is now final, and the father will not be heard to argue in this appeal that the previous ruling was erroneous.

The father now contends that he is entitled to the return of support monies paid pursuant to an order he believes to be erroneous and in violation of his rights to due process and equal protection.  The record supports the father's contention that the trial court erred when it indicated in the divorce decree that "the matters of . . . child support [had] been adjudicated in separate, prior decrees of this court."  See generally Duke v. Duke, 239 Va. 501, 391 S.E.2d 77 (1990).  The trial court previously had entered only a pendente lite child support order.  No other child support order had been entered at that time.  In entering the divorce decree, the trial court did not expressly adopt its previous pendente lite support order or enter any other support order.

Notwithstanding that misstatement by the trial court, the father is not entitled to the relief he seeks.  The father filed his notice of appeal from the October 27, 1998 divorce decree order on November 23, 1998.  By order entered over the father's objection November 30, 1998, this Court granted the trial court leave to entertain child support proceedings.  The parties then obtained entry of a consent decree dated December 18, 1998, fixing child support.  Neither party objected to this consent decree. The consent decree set the amount of child support "until there is

-

a final hearing on child support at the equitable distribution hearing (or a material change in circumstances determined by the court)."  Thus, we need not determine whether the father was obligated to continue paying pendente lite support following entry of the final decree of divorce.  That issue was mooted by entry of the consent decree.  The father preserved no objection to the consent decree.

We reject the father's contention that he is entitled to the return of support money paid.  A trial court has no statutory or inherent authority to order restitution of previously paid child support.  See Wilson v. Wilson, 25 Va. App. 752, 760, 492 S.E.2d 495, 499 (1997).  By endorsing the consent order which fixed the amount of support to be paid until the "final hearing on child support at the equitable distribution hearing," the father agreed to that date for setting an award.

### Issue Four

The father's contentions that this Court and the trial court acted in excess of statutory jurisdiction and that this Court initiated inappropriate ex parte communication with the mother are without merit.  As noted, the father's appeal of the pendente lite support order was dismissed as untimely.  This Court again acquired jurisdiction when the father subsequently appealed the decree of divorce.  Upon the mother's motion, this Court allowed the trial court to proceed with matters of child support.  That action was not "out-of-time jurisdiction" or "ultra-legislation

-

jurisdiction."  Once this Court properly acquired jurisdiction, it had the authority to grant the trial court leave to proceed while the appeal was pending.  See Greene v. Greene, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982).  Furthermore, the parties entered into a consent decree that fixed the amount of support and fixed the date for entry of an order of permanent support.  The issue of the trial court's authority to enter a permanent support award became moot upon entry of the parties' consent decree.

The father also complains that this Court participated in ex parte communication with the mother's counsel.  In support thereof, he cites the letter from the wife's counsel forwarding copies of several orders in this matter, "[a]s requested," to this Court.

The father does not allege, and the record does not indicate, that the wife's counsel communicated with any judges of this Court or that the Clerk's office engaged in inappropriate ex parte substantive discussions with the wife's counsel.  The bar against ex parte communication "arises only when 'an ex parte communication relates to some aspect of the [trial].'"  Ellis v. Commonwealth, 227 Va. 419, 423, 317 S.E.2d 479, 481 (1984) (holding that the bar on ex parte communications does not apply to administrative issues).

## Issue Five

The father's contentions that the trial court exceeded its statutory authority when it entered its December 18, 1997 custody

-

order and that he was denied a final hearing on custody issues are without merit.  As noted under Issue One, issues arising from the previously appealed custody order are now barred by res judicata.

Even if we view the father's arguments as an attempt to raise issues not barred, we find them to be without merit.  Code § 20-103 provides, in pertinent part, as follows:

> In suits for divorce, . . . the court having jurisdiction of the matter may, at any time pending a suit pursuant to this chapter, in the discretion of such court, make any order that may be proper . . . (iv) to provide for the custody and maintenance of the minor children of the parties, including an order that either party provide health care coverage for the children, (v) to provide support, calculated in accordance with § 20-108.2, for any child of the parties to whom a duty of support is owed and to continue to support any child over the age of eighteen who meets the requirements set forth in subsection C of § 20-124.2 . . . .

Nothing in Code § 20-103 barred the trial court from entering its December 18, 1997 order finally resolving the issue of custody.  On the contrary, the trial court's resolution of custody matters before deciding the remaining issues comports with the requirements of Code § 20-124.2, which provides, in pertinent part that

> [i]n any case in which custody or visitation of minor children is at issue, whether in a circuit or district court, the court shall provide prompt adjudication, upon due consideration of all the facts, of custody and visitation arrangements, including support and maintenance for the children,

-

> prior to other considerations arising in the
> matter.

Code § 20-124.2(A). The father appealed the custody order,
which we accepted as an appealable interlocutory order because
it resolved the custody issue. Because the record demonstrates
that the parties had ample opportunity to address the issue of
custody, the father's contention that he was denied a final
custody hearing is without merit.

## Issue Six

The December 18, 1997 custody order was an interlocutory
order which adjudicated the principles of the cause as to
custody and was separately appealable. Review of that order on
this appeal is barred by res judicata.

The father alleged that this Court "knowingly misquoted"
Erikson v. Erikson, 19 Va. App. 389, 451 S.E.2d 711 (1994), in
the opinion issued in his prior appeal. See Summers, No.
2669-97-4 (Nov. 10, 1998). We disagree with the father's
interpretation of Erikson. In Erikson, the trial court's ruling
that the parties were validly married was found to be an
unappealable interlocutory order.

> Although the factual finding and legal
> holding that the parties are validly married
> is an essential element of the complainant's
> cause of action, that ruling is not a legal
> determination of "the principles" that are
> necessary to adjudicate the cause, and the
> ruling does not "respond to the chief object
> of the suit which was to secure a divorce."

-

Id. at 391, 451 S.E.2d at 713 (citations omitted). Contrary to the father's contention, Erikson does not stand for the proposition that, in any case in which a divorce is sought, there can be no appealable interlocutory order which does not grant the divorce. Such an interpretation renders meaningless the limited statutory grant of jurisdiction to this Court to hear certain interlocutory appeals. See Code § 17.1-405(4). See generally Wells v. Wells, 29 Va. App. 82, 509 S.E.2d 549 (1999) (order denying objection to jurisdiction was not appealable interlocutory order); Nenninger v. Nenninger, 19 Va. App. 696, 454 S.E.2d 45 (1995) (order other than final decree of divorce bifurcating divorce proceedings from equitable distribution proceedings was not appealable interlocutory decree); Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991) (order invalidating antenuptial agreement was not appealable interlocutory order). Under appropriate circumstances, such as we have previously held existed in this case, parties may appeal interlocutory orders adjudicating principles of a cause before entry of the final decree. See Southwest Virginia Hospitals, Inc., v. Lipps, 193 Va. 191, 193, 68 S.E.2d 82, 84 (1951).

Moreover, as the party who appealed the custody order at the time it was issued rather than waiting until the entire matter was concluded, father may not now be heard to complain about the procedural and jurisdictional results of his appeal.

-

"'He cannot approbate and reprobate--invite error and then take advantage of his own wrong.'" Steinberg v. Steinberg, 21 Va. App. 42, 50, 461 S.E.2d 421, 424 (1995) (quoting Sullivan v. Commonwealth, 157 Va. 867, 878, 161 S.E. 297, 300 (1931)).

## Issue Seven

The father sought to subpoena certain records by motion filed with the trial court during the pendency of his previous appeal of the custody order. The trial court granted mother's motion to quash the subpoenas on the grounds that "there is no new motion before the court and there was a final custody decree dated December 18, 1997." At the time father sought the subpoenas, the trial court lacked subject matter jurisdiction over the case, which was then on appeal. "The orderly administration of justice demands that when an appellate court acquires jurisdiction over the parties involved in litigation and the subject matter of their controversy, the jurisdiction of the trial court from which the appeal was taken must cease." Greene, 223 Va. at 212, 288 S.E.2d at 448. See also Frazer v. Frazer, 23 Va. App. 358, 379-80, 477 S.E.2d 290, 300 (1996). We find no error in the trial court's decision to quash the subpoenas.

## Issue Eight

In support of his contention that the trial court denied him due process and equal protection by denying his request for mediation, the father cites two orders of the trial court denying mediation for lack of jurisdiction. Both orders denied mediation

-

because the trial court lacked jurisdiction during the pendency of the father's previous appeal of the custody order. Although the father has not referred us to another order denying his request for mediation after the trial court was authorized to proceed, we nonetheless considered the merits of his contention.

No statute requires mediation. Under Code § 20-124.4, trial courts have discretionary authority to refer parties in "any appropriate case" to evaluation for possible mediation services. We find no abuse of discretion in the trial court's refusal to forward this case for mediation evaluation. The father's allegations that he was denied due process and equal protection of the law because his request for mediation was denied are without merit.

### Issue Nine

The father's contention that the trial court granted the divorce without corroborated testimony and without reviewing the commissioner's report is without merit. The decree of divorce specifically states that "[t]his Cause was heard upon the Bill of Complaint; the Defendant's Answer; the hearing before the Commissioner in Chancery; the Report of the Commissioner." "A court speaks only through its orders." Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964). See Hill v. Hill, 227 Va. 569, 578, 318 S.E.2d 292, 297 (1984). We "'presume that the order, as the final pronouncement on the subject, rather than a transcript that may be flawed by omissions, accurately reflects

-

what transpired.'"  Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986) (citation omitted).

## Issue Ten

The father has failed to demonstrate that the issues raised in this appeal have merit.  Therefore, his assertion that the trial court and "each of the judges in this matter" have violated his civil rights under the Fourteenth Amendment and are liable to him for damages under 42 U.S.C. § 1983 is unfounded and without merit.

## Appellate Fees

Based upon the extensive issues raised by the father on appeal, all of which lack merit, we find that the mother is entitled to recover reasonable attorney's fees and costs incurred by her in defending this appeal.  We remand this matter to the trial court for a determination of those costs and fees.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

Accordingly, the judgment of the circuit court is summarily affirmed, and the matter is remanded to the trial court for a determination of mother's costs and fees incurred on appeal.

Affirmed and remanded.

-