COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


SULTA N. McELROY
                                         MEMORANDUM OPINION*
v.    Record No. 0777-99-4                  PER CURIAM
                                           JUNE 22, 1999
DONALD H. McELROY


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                    William T. Newman, Jr., Judge

              (Jahangir Ghobadi; Jahangir Ghobadi, P.C., on
              briefs), for appellant.

              (Stephen K. Christenson; Kevin R.
              Hildebeidel; Stephen K. Christenson, P.C., on
              brief), for appellee.


     Sulta N. McElroy (wife) appeals the decision of the circuit

court granting the Motion to Compel Compliance filed by Donald H.

McElroy (husband).  Wife contends that the trial court erred by

(1) finding that husband properly served wife when he filed a

motion to compel while wife's previous appeal to the Court of

Appeals was pending; and (2) sanctioning wife by changing the

effective date of wife's entitlement to husband's military pension

while the matter was pending on appeal.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

———————————————

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

At the time husband filed his motion to compel, wife was imprisoned following her conviction for solicitation to commit murder.

## Issue One

Wife contends that husband's motion to compel was improperly served. She argues that Code § 20-115 required husband to file a Rule to Show Cause rather than a Motion to Compel Compliance. We find no merit in this argument.

Husband's motion to compel was filed pursuant to the statutory authority set out in Code § 20-107.3(K). Husband served wife's committee, who was wife's counsel of record during the divorce proceedings and on appeal. See Code §§ 8.01-2(6)(a) and 8.01-9(B). We find no error in husband's service upon wife's committee of the motion to compel.

Code § 20-115 authorizes the trial court to order commitment to a correction facility or work assignment "upon conviction of any party for contempt of court in . . . (ii) willfully failing or refusing to comply with any order entered pursuant to § 20-103 or § 20-107.3." Wife argues that there was no evidence that she willfully failed or refused to comply with any order entered pursuant to Code § 20-107.3 and that there could be no finding of contempt with evidence of willful failure or refusal to comply. The trial court did not find wife guilty of contempt. Therefore, wife's argument is moot.

-

Wife also contends that the trial court erred by modifying the final decree of divorce while the appeal was pending. We find no error.

In the final decree, the trial court awarded wife forty percent of the marital share of husband's pension, calculated as $360 per month, beginning February 1, 1998. The court also required wife to transfer $59,138 in assets to husband. As of the November 20, 1998 hearing, wife had failed to transfer the specified assets. Husband alleged that wife had "secreted or otherwise disposed of" these assets to avoid meeting her obligations under the final decree.

Husband's motion to compel was filed pursuant to the statutory authority set out in Code § 20-107.3(K). That section provides that "[t]he court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section . . . ." As a means of enforcing its decree, the circuit court appointed a special commissioner to effect the transfer of the real property ordered in the final decree. See Code § 20-107.3(K)(3). The court also ruled that wife would receive no benefits from husband's pension until she fully complied with the trial court's final decree.

We find that the court's order fell within its statutory authority to make any additional orders necessary to enforce and

-

effectuate its equitable distribution decree. While the trial court's order delayed wife's receipt of the pension benefits given to her under the final decree, the order was framed to do no more than compel her compliance with a valid order. It was not designed to modify the parties' rights under the decree. Cf. Wilson v. Wilson, 25 Va. App. 752, 757-58, 492 S.E.2d 495, 497-98 (1997); Decker v. Decker, 17 Va. App. 562, 563-64, 440 S.E.2d 411, 412 (1994). When wife complied with the January 23, 1998 order, her benefits under that order would commence. Moreover, due to the unique circumstances of this case, the trial court could not effectively rely upon a threat of imprisonment for civil or criminal contempt to enforce compliance, as wife was currently incarcerated.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-