COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


JOSEPH MICHAEL RUSSELL

MEMORANDUM OPINION[*]

v.       Record No. 2025-06-4                              PER CURIAM
                                                      FEBRUARY 13, 2007
NANCY LYNNE RUSSELL


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

(Fred M. Rejali, on brief), for appellant.

(William B. Reichhardt; Colleen C. Sweeney; William B.
Reichhardt & Associates, on brief), for appellee.


Appellant Joseph Michael Russell contends the trial court erred by refusing to declare

void and to vacate its June 15, 2005 order at a July 7, 2006 hearing.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without merit and summarily affirm the

decision of the trial court.  Rule 5A:27.

The trial court did not err.  In light of the fact that appellant had filed six appeals with this

Court (Record Nos. 1469-05-4, 2247-05-4, 2585-05-4, 3151-05-4, 0204-06-4, and 1107-06-4)

and that those appeals were pending at the time of the July 7, 2006 hearing, the trial court lacked

jurisdiction to revisit the June 15, 2005 order.

It is black letter law that the trial court, under these circumstances, had no authority to

revisit, modify or vacate the June 15, 2005 order.

> "The orderly administration of justice demands that when
> an appellate court acquires jurisdiction over the parties involved in
> litigation and the subject matter of their controversy, the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

jurisdiction of the trial court from which the appeal was taken must cease." Decker v. Decker, 17 Va. App. 562, 564, 440 S.E.2d 411, 412 (1994) (quoting Greene v. Greene, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982)). This Court acquires jurisdiction over a case when the appeal is filed and docketed in the clerk's office of the Court. Id. "Thus, while the trial court may enforce a support and custody order, it may not modify such order without leave of court." Id.

In this case, wife filed her first notice of appeal in the clerk's office of this Court on August 1, 1995, challenging the trial court's final decree of July 7, 1995. At that point, this Court acquired jurisdiction over the case. On August 3, 1995, two days after this Court acquired jurisdiction over the case, the trial court modified husband's child support obligation based upon the legislature's changes in the child support guidelines. Thus, the trial court had no jurisdiction to modify the child support award without leave from this Court.

Frazer v. Frazer, 23 Va. App. 358, 379-80, 477 S.E.2d 290, 300 (1996).

For the reasons stated in Frazer and Decker, the trial court's ruling was correct and we summarily affirm that ruling. Rule 5A:27.

Furthermore, due to the settled nature of this question of law, we find that this appeal is frivolous. We grant appellee Nancy Lynne Russell's request for attorney's fees on this appeal, and remand to the trial court for a determination of the appropriate amount of fees and the entry of an order awarding same. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Affirmed and remanded.