COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

UNPUBLISHED

SHEMIKA N. SKILLINGS, F/K/A
  SHEMIKA FRANKS

                                                        MEMORANDUM OPINION*
v.         Record No. 1235-17-2                                PER CURIAM
                                                          FEBRUARY 6, 2018
BOOKER T. FRANKS


FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
W. Allan Sharrett, Judge

(Shemika N. Skillings, on brief), *pro se*.

No brief for appellee.


Shemika N. Skillings is appealing an order that denied her motion to transfer venue and

finalized a prior order finding her in contempt of court. Skillings argues that the trial court erred by

(1) "asserting personal jurisdiction in a criminal matter over an active duty service member;"

(2) "asserting subject matter jurisdiction of matters that were on appeal;" (3) "entering a final order

terminating [Skillings'] visitation to her child without a hearing, without jurisdiction, and in

violation of fundamentally protected rights guaranteed under the Due Process Clause of the

Fourteenth Amendment to the U.S. Constitution;" (4) "terminating visitation without jurisdiction;"

(5) "imposing a criminal sentence on a civil matter and denied basic due process protections under

the Fourteenth Amendment;" and (6) "failing to recuse sua sponte." Upon reviewing the record

and the opening brief, we conclude that this appeal is without merit. Accordingly, we summarily

affirm the decision of the trial court. See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

Booker T. Franks and Skillings are the biological parents to a minor child, born in 2011. Pursuant to an order entered in July 2014, Franks has physical custody of the child. Franks and the child live in Virginia, while Skillings resides in Oklahoma.

On March 1, 2016, the parties appeared before the circuit court after Skillings appealed a juvenile and domestic relations district court order denying her request to amend physical custody. The circuit court found that Skillings did not show a material change in circumstances, so it granted Franks' motion to strike and denied Skillings' motion to amend. The circuit court entered an order reflecting its ruling on March 7, 2016.[2]

While Skillings was in Virginia for the March 1, 2016 hearing, Franks allowed Skillings to visit with their child in Virginia. Skillings, without Franks' consent, took the child to Oklahoma and refused to return the child. As a result, Franks filed a petition for a rule to show cause. The circuit court entered a rule to show cause and ordered Skillings to appear before the circuit court on March 24, 2016. Skillings was subsequently arrested in Oklahoma, and Franks brought the child home. On March 21, 2016, Franks filed a motion to terminate Skillings' visitation rights. Skillings retained counsel, who requested a continuance to prepare. The circuit

---

[1] The record does not include any transcripts from the hearings; however, on November 1, 2017, the trial court approved a written statement of facts. See Rule 5A:8.

[2] Skillings appealed the March 7, 2016 order. On December 12, 2016, this Court dismissed the appeal because Skillings failed to timely file an opening brief. See Skillings v. Franks, Record No. 0535-16-2 (Va. Ct. App. Dec. 12, 2016).

court granted Skillings' request for a continuance, but suspended her visitation pending a hearing on the matters. The case was continued to May 13, 2016.

Skillings is an active member of the military. On May 9, 2016, she filed a motion for stay of proceedings until June 29, 2016 because she was unable to participate in any court proceedings due to her military duties. The circuit court granted her motion and scheduled a hearing for August 4, 2016. On July 29, 2016, Skillings filed another motion for stay of proceedings and requested a stay until September 15, 2016 because her military duties prevented her from being in court on August 4, 2016. The circuit court granted her motion and continued the case to October 6, 2016.

On October 6, 2016, Skillings and Franks appeared in the circuit court to be heard on the rule to show cause and Franks' motion to terminate or modify visitation. The circuit court found Skillings was in "willful violation" of its order when she took the child to Oklahoma without Franks' consent. The circuit court found her in contempt and sentenced her to thirty days in jail. It also ordered Skillings to pay $4,700 to Franks, on or before March 10, 2017, for his attorney's fees and expenses. The circuit court suspended Skillings' visitation "until all payments required by Order have been made." It allowed Skillings to have one telephone call per week with the child until further order. The circuit court set a review date of March 10, 2017. The circuit court entered the order reflecting its ruling on November 3, 2016.

Skillings requested a motion for stay of proceedings because her military duties prevented her from appearing on March 10, 2017. The circuit court granted her request, and the case was ultimately rescheduled for July 14, 2017.

On May 15, 2017, Skillings, appearing *pro se*, filed a motion to appear at the July 14, 2017 hearing by telephone because she lived in Oklahoma. On June 9, 2017, the circuit court entered an order denying her motion.

On July 7, 2017, Skillings filed a *pro se* motion to transfer venue and asked the circuit court to transfer the case to Dinwiddie County, where Franks now lived.

On July 14, 2017, Franks and his counsel appeared for the hearing, but Skillings failed to appear. The circuit court found that Skillings had not complied with the November 3, 2016 order and held that the November 3, 2016 order was now final. The circuit court also denied Skillings' motion to transfer venue. On July 24, 2017, the circuit court entered the order reflecting its rulings. Skillings' endorsement of the order was dispensed with pursuant to Rule 1:13. She did not file any post-trial motions. This appeal followed.

ANALYSIS

*Jurisdiction – Assignment of errors 1, 2, and 4*

Skillings argues that the circuit court lacked personal jurisdiction and subject matter jurisdiction over the contempt ruling. She notes that she is an active military member, so she contends the circuit court did not have jurisdiction over her or the authority to find her in contempt. Furthermore, she asserts that the circuit court did not have the jurisdiction to find her in contempt while the underlying custody matter was on appeal.

> While "the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court sua sponte," "defects in the other jurisdictional elements generally will be considered waived unless raised in the pleadings filed with the trial court and properly preserved on appeal."

Prizzia v. Prizzia, 58 Va. App. 137, 161, 707 S.E.2d 461, 472 (2011) (quoting Porter v. Commonwealth, 276 Va. 203, 228, 229, 661 S.E.2d 415, 427, 427 (2008)).

A. Personal jurisdiction

Skillings initiated the underlying matter. She filed a motion to amend custody in the juvenile and domestic relations district court, and then appealed that ruling to the circuit court. When she violated the circuit court's custody order, Franks filed a petition for rule to show

- 4 -

cause. The trial court issued the rule to show cause, and Skillings was arrested and served with the order.

On October 6, 2016, she and her counsel appeared before the circuit court for the contempt charge. There is no evidence in the record that Skillings contested the circuit court's jurisdiction at the October 6, 2016 hearing.

The circuit court continued the matter to March 10, 2017 as a review date. Now acting *pro se*, Skillings filed numerous pleadings with the circuit court and requested affirmative relief from the court. Skillings had notice of the final hearing on July 14, 2017, but she did not appear at the hearing. Skillings did not note any objections to the final order, nor did she file any post-trial motions.

We find that Skillings waived her objections to personal jurisdiction. Id. Moreover, by invoking the circuit court's jurisdiction on the underlying custody matter and filing pleadings requesting affirmative relief from the circuit court, Skillings consented to the circuit court's personal jurisdiction over her. See Zedan v. Westheim, 60 Va. App. 556, 577, 729 S.E.2d 785, 795 (2012) ("Once a court acquires jurisdiction over a person, the court retains jurisdiction over the person to carry the proceedings through to their conclusion"); Blackson v. Blackson, 40 Va. App. 507, 524, 579 S.E.2d 704, 712 (2003) ("By invoking the jurisdiction of the court to grant him affirmative relief, husband consented to the trial court's jurisdiction . . . .").

### B. Subject matter jurisdiction

Skillings also challenges the circuit court's subject matter jurisdiction. She argues that the underlying custody order was on appeal when the circuit court found her in contempt on October 6, 2016.

"The orderly administration of justice demands that when an appellate court acquires jurisdiction over the parties involved in litigation and the subject matter of their controversy, the

jurisdiction of the trial court from which the appeal was taken must cease." Frazer v. Frazer, 23

Va. App. 358, 379-80, 477 S.E.2d 290, 300 (1996) (quoting Decker v. Decker, 17 Va. App. 562,

564, 440 S.E.2d 411, 412 (1994)). "Thus, while the trial court may enforce a support and

custody order, it may not modify such order without leave of court." Id. at 380, 477 S.E.2d at

300 (quoting Decker, 17 Va. App. at 564, 440 S.E.2d at 412).

> The court shall have the continuing authority and jurisdiction to
> make any additional orders necessary to effectuate and enforce any
> order entered pursuant to this section or § 20-103 including the
> authority to punish as contempt of court any willful failure of a
> party to comply with the provisions of the order.

Code § 20-124.2(E). "When one shows by [her] conduct a deliberate and studied effort to

disobey a valid order of a court, she subjects herself to punishment for contempt." Johnson v.

Johnson, 26 Va. App. 135, 154, 493 S.E.2d 668, 677 (1997) (quoting Laing v. Commonwealth,

205 Va. 511, 515, 137 S.E.2d 896, 899 (1964)).

In this case, Skillings violated the circuit court's order when she took the child to

Oklahoma without Franks' consent and then refused to return the child. Although the underlying

custody matter was pending in this Court, the circuit court had the authority to enforce its order.

Contrary to Skillings' arguments, the circuit court did not terminate her visitation with the child;

instead, it suspended her visitation until she complied with the court's order.

We further recognize that the circuit court finalized the contempt order after we

dismissed the underlying appeal. Therefore, the circuit court had the jurisdiction to enter the

July 24, 2017 order.

### Rule 5A:18 – Assignment of errors 3, 5, and 6

Skillings argues that the circuit court violated her due process rights, erred by finding her

in contempt, and erred by suspending her visitation "without a hearing." She further contends

the trial court judge should have recused himself from the case. Skillings admits that she did not preserve these arguments for appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

Skillings asks this Court to consider her arguments pursuant to the good cause exception. However, Skillings had the opportunity to object, but failed to do so[3]; therefore, the good cause exception does not apply. See M. Morgan Cherry & Assocs. v. Cherry, 38 Va. App. 693, 702, 568 S.E.2d 391, 396 (2002) (*en banc*) (holding that Rule 5A:18 applied because the party failed, "without good cause," to object to the evidence).

Accordingly, this Court will not consider Skillings' arguments in the third, fifth, and sixth assignments of error.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[3] We note that Skillings was represented by counsel at the October 6, 2016 hearing, and she had notice of the July 14, 2017 hearing, but did not attend.