UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Malveaux and Senior Judge Annunziata
Argued by teleconference

FARAH KHAKEE

v.        Record No. 2001-18-4

DAVID W. RODENBERGER

MEMORANDUM OPINION* BY
JUDGE MARY BENNETT MALVEAUX
AUGUST 27, 2019

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David Bernhard, Judge

Farah Khakee, *pro se*.

Camille A. Crandall (Hicks Crandall Juhl PC, on brief), for
appellee.

Farah Khakee ("wife") appeals an order of the Fairfax County Circuit Court finding her

in contempt for failing to pay certain sums to David W. Rodenberger ("husband"). Wife assigns

fifteen errors to the circuit court, as discussed below. For the reasons that follow, we affirm the

decision of the circuit court.

I.  BACKGROUND

On appeal, this Court views the evidence in the light most favorable to husband, the party

who prevailed below. O'Rourke v. Vuturo, 49 Va. App. 139, 145 (2006).

So viewed, the evidence establishes that wife and husband divorced on July 30, 2013.

The parties agreed that they would have joint legal custody and that wife would have primary

physical custody of their two minor children. Their agreement was memorialized in a final

custody and visitation order of the circuit court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties also entered into a settlement agreement. The agreement provided that husband would pay wife "an award of spousal and child support for one year from . . . July 1st [2013]" and that the award would be "nonmodifiable" and "without prejudice . . . to [husband] regarding child support." Both parties affirmed that the agreement, which was read into the record, "resolv[ed] all issues in [the] case," including equitable distribution, child support, spousal support, and the grounds for the divorce. The agreement was silent on attorney's fees.

The circuit court's final order of divorce incorporated the settlement agreement. It also provided that husband would maintain health and dental insurance for the children and that certain expenses that were not covered by husband's insurance would be shared by the parties. In its final order, the circuit court noted its jurisdiction pursuant to Code § 20-107.3(K) "for the entry of such further Orders as may be necessary to effectuate or enforce the terms of this Order, the Custody Order and the parties' Agreement."

Subsequently, husband filed a motion to modify custody, and wife filed a motion for continued spousal support and modified child support. On May 18, 2015, the circuit court entered an order on these motions. The court transferred primary physical custody of both children to husband and awarded him child support. It also established a specific *pro rata* basis upon which the parties would reimburse each other for the reasonable and necessary medical and dental expenses of the children that were not covered by husband's insurance. Further, the court awarded husband attorney's fees to be paid by wife within one year. The court reserved the issue of wife's request for spousal support and dismissed her request at a subsequent hearing.

On November 30, 2015, husband filed a petition for rule to show cause alleging that wife had violated the terms of the May 18, 2015 order by failing to pay her share of certain medical expenses. The circuit court entered an order on March 10, 2016, which found wife in contempt

and ordered her to pay husband her share of unreimbursed medical expenses and husband's attorney's fees.

On June 28, 2016, this Court entered an order disposing of wife's appeal of several orders entered by the circuit court. See Khakee v. Rodenberger, No. 0008-16-4 (June 28, 2016). We held that husband was entitled to reasonable attorney's fees incurred in connection with wife's appeal of the orders and remanded for the circuit court "to set a reasonable award of attorney's fees and costs incurred by [husband] in this appeal." Id. at *5.

On December 6, 2017, wife filed another motion to modify spousal and child support. Husband filed a motion to dismiss. Following a May 23, 2018 hearing, the circuit court granted husband's motion to dismiss with prejudice and awarded him attorney's fees and costs. Wife appealed that order to this Court, and the matter remained on appeal during the proceedings at issue here. See Khakee v. Rodenberger, No. 0990-18-4 (Va. Ct. App. Apr. 9, 2019).

Husband filed a petition for rule to show cause on May 16, 2018. He requested that the circuit court find wife in contempt for failure to comply with its May 18, 2015 and March 10, 2016 orders and requested that wife be ordered to pay child support arrears, her prorated portion of unreimbursed medical and dental expenses, and his existing awards of attorney's fees with interest. Husband further asked that wife be ordered to pay the attorney's fees and costs he incurred in pursuing his show cause petition. Also on May 16, 2018, husband filed a motion to establish the attorney's fees and costs awarded by this Court on June 28, 2016, and to establish a payment plan for those fees and the fees awarded by the circuit court on March 10, 2016.

On October 19, 2018, wife filed motions for leave to file petitions for spousal support and *pendente lite* spousal support and to modify or suspend her child support obligation.[1] At a

---

[1] Prior to these filings, wife filed, on September 4, 2018, a "Notice of Federal Younger Alert." In that document, wife stated that she was "giving her formal federal Younger doctrine alert, as to any and all federal questions raised within these proceedings that may still lack proper

- 3 -

November 9, 2018 hearing on the motions, husband noted that wife had appealed the denial of her previous motion with respect to support matters and that the appeal was still pending before this Court. The circuit court denied wife's motions, citing Greene v. Greene, 223 Va. 210 (1982), and explaining to wife that "you noted an appeal and . . . the noting of that appeal . . . transfers jurisdiction from the lower court to the appellate court."

On November 20, 2018, the circuit court heard husband's petition for rule to show cause and his motion to establish attorney's fees and a payment plan. Husband detailed the amounts owed to him under the existing court orders. He also provided an attorney's fees affidavit for the expenses incurred in connection with the petition for rule to show cause and motion to establish attorney's fees. In addition, husband also noted that wife was a licensed New York attorney with assets, and in prior proceedings she had produced documents showing she held a retirement account worth over half a million dollars. Thus, husband argued, "she does not have the ability to argue that she can not [*sic*] pay."

Wife, appearing as a self-represented party, attempted to introduce documents relating to what she described as "the underlying problem" of child and spousal support. Husband objected on hearsay and relevance grounds. The circuit court sustained husband's objection, noting that such matters were "collateral" and "not something that I can deal with here." The court made clear that "there's two questions here. One is do you owe the money? And . . . they've

resolution in compliance with written law." In her twelfth assignment of error, wife argues that the circuit court erred "when it ignored the filed Notice of Younger Doctrine." However, wife's notice did not request any specific relief from the circuit court and she did not argue at the November 20, 2018 contempt hearing that the notice required any specific action by the court. Regardless of whatever federal purposes wife's notice may have served, she did not obtain any ruling on her notice. It is well established that where an appellant "requested no relief" and "failed to obtain a ruling from the [circuit] court," that appellant "was denied nothing by the [circuit] court, and there is no ruling for us to review." Fisher v. Commonwealth, 16 Va. App. 447, 454 (1993). Because there is no ruling for us to review with respect to wife's "Notice of Federal Younger Alert," we do not address wife's twelfth assignment of error.

introduced orders and they've had testimony. Two, can you pay it?" The court acknowledged that wife might not prefer to liquidate some of her retirement holdings in order to satisfy any purge provisions but noted that that "doesn't mean you don't have the ability to pay."

Wife testified on her own behalf. She stated that she did some work for a law firm and also that she owned a timeshare. Wife questioned the court's "authority to do anything that's not in [the] settlement agreement," which she claimed provided for the parties to each pay their own attorney's fees. Wife reiterated that she believed the extant court orders were "very unfair" and "illegal" and that husband "fraudulently procured the initial contempt finding" against her.

The circuit court found that husband was owed the amounts of child support arrears, unreimbursed medical expenses, and attorney's fees that he claimed and that wife had the funds to pay, and that it would be "up to [wife] how she wants to [pay] it." The court told wife that she would be held in civil contempt and jailed if she did not pay by January 11, 2019. It also reiterated that in enforcing its prior orders, its "discretion" was "restricted. . . . I can't collaterally -- I can't look behind the orders to what, if any, defects are there."

The circuit court entered a November 20, 2018 contempt order which detailed the sums owed to husband. The order explicitly excluded the attorney's fees awarded in connection with wife's motion to modify support, the denial of which was on appeal with this Court. Wife was ordered to pay husband by January 4, 2019, in order to purge her contempt, but the order did not include the court's directive from the bench that wife would be jailed if she failed to pay.

Wife filed a motion for reconsideration and for a suspending order on December 11, 2018. On December 17, 2018, the circuit court denied the motion in an order that stated that wife "filed her motion on the last day the Court would have had jurisdiction to change its order,

which thus did not reach the [court] in time to consider a suspending order as no copy was left with Chambers . . . directing the matter be given the [court's] immediate attention."

Wife appealed the circuit court's contempt order to this Court.

## II. ANALYSIS

As an initial matter, we note that as the party alleging reversible error by the circuit court, "[t]he burden is on [wife] . . . to show that reversal is justified." D'Agnese v. D'Agnese, 22 Va. App. 147, 153 (1996); see also Thomas v. Thomas, 40 Va. App. 639, 644 (2003). Further, this Court will not "search the record for error[s] in order to interpret [wife's] contention and correct deficiencies in a brief." West v. West, 59 Va. App. 225, 235 (2011) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992)). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [her] claims." Martin v. Commonwealth, 64 Va. App. 666, 674 (2015) (quoting Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7 (1988) (en banc)). We also note that a self-represented litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319 (1987) (quoting Church v. Commonwealth, 230 Va. 208, 213 (1985)); see also Francis v. Francis, 30 Va. App. 584, 591 (1999) (noting that even self-represented litigants must comply with the rules of court).

### The Circuit Court's Authority and Jurisdiction to Enter the Contempt Order
### (Assignment of Error One)

Wife argues that the circuit court erred in entering its contempt order where it lacked "authority . . . under . . . Code § 20-109(C) and the Settlement Agreement" between the parties.[2]

---

[2] Wife also argues that the circuit court lacked subject matter jurisdiction to enter its contempt order. We note that the jurisdiction of circuit courts over divorce and related matters has been established by the General Assembly by statute. See, e.g., Westbrook v. Westbrook, 5 Va. App. 446, 455 (1988) (acknowledging courts' statutory jurisdiction over divorce); Fry v. Schwarting, 4 Va. App. 173, 178 (1987) (acknowledging courts' statutory jurisdiction over child

She contends that Code § 20-109(C) limits the power of a circuit court to modify a settlement agreement and prohibits a court from imposing fees or conditions that are not part of the terms of the agreement. Wife further argues that the settlement agreement's terms "require [husband] to pay spousal and child support and . . . his own attorneys' fees" and "do[] not allow an award of attorneys' fees to *either* party." Consequently, she maintains, the circuit court's contempt order "[i]mpermissibly [r]ewrites" the parties' settlement agreement.

Code § 20-109(C) provides, in pertinent part, that

> In suits for divorce . . . if a stipulation or contract . . . is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract.

"'[S]ettlement agreements are contracts and are subject to the same rules of construction that apply to the interpretations of contracts generally.' We review a court's interpretation of the parties' agreement *de novo*" and "'are not bound by the [circuit] court's conclusions as to the construction of . . . disputed provisions.'" Jones v. Gates, 68 Va. App. 100, 105 (2017) (citation omitted) (first quoting Southerland v. Est. of Southerland, 249 Va. 584, 588 (1995); then quoting Smith v. Smith, 3 Va. App. 510, 513 (1986)).

Wife relies upon the language of Code § 20-109(C) to argue that the parties' settlement agreement, which was stipulated prior to entry of the final order of divorce, precluded the circuit court from entering any subsequent orders relating to child support and attorney's fees, including the November 20, 2018 contempt order. This argument is without merit, for two reasons.

First, we note that the 2013 settlement agreement only provided for a one-year award of spousal and child support to wife, which was nonmodifiable during its term but explicitly did not

support). Jurisdiction to hear and rule on such matters is well established in the Code. See, e.g., Code §§ 20-96, -107.2, and -107.3.

- 7 -

prejudice husband's ability to later seek child support. Thus, following the expiration of the one-year term, wife was no longer entitled to receive spousal support under the agreement and father was not precluded from pursuing child support. We also note that the circuit court possessed statutory authority to subsequently modify the parties' child support arrangements. See Code § 20-108 (providing that a child support decree may, upon motion of the court or petition of certain parties, subsequently be "revise[d] and alter[ed]" and the court may "make a new decree . . . as the circumstances of the parents and the benefit of the children may require"). The court did modify those arrangements by its May 18, 2015 order awarding father both primary physical custody and child support, and that order became final when wife did not appeal within twenty-one days. See Rule 1:1.

Second, contrary to wife's assertion, the settlement agreement did not require husband to pay his own attorney's fees, and the agreement's silence on such fees did not preclude the circuit court from making subsequent awards of attorney's fees to husband. The parties stipulated that the settlement agreement "resolv[ed] all issues in [the] case," including equitable distribution, child support, spousal support, and the grounds for the divorce. Thus, the settlement agreement's silence on attorney's fees made clear that the issue of such fees was not before the circuit court and was not subject to the terms of the agreement. Since those fees were not covered by the agreement, husband was free to seek—and the court was free to award—attorney's fees for the costs of subsequent proceedings. See Jones, 68 Va. App. at 105 (noting that where a settlement agreement does not contain a provision governing fee disputes, an award of attorney's fees and costs is a matter for the circuit court's sound discretion). The court awarded such fees by its March 10, 2016 order, and that order became final when twenty-one days passed without wife filing an appeal. See Rule 1:1.

For these reasons, we reject wife's argument and hold that the circuit court did not lack authority to enter its November 20, 2018 contempt order and that the order did not impermissibly rewrite the parties' settlement agreement.

The Pendency of a Prior Appeal<br>(Assignment of Error Two)

Wife argues that the circuit court erred when it entered its contempt order during the pendency of her prior appeal to this Court concerning support and attorney's fees. She contends that during the November 9, 2018 hearing on wife's motions with respect to support, the circuit court "ruled that it has no subject matter jurisdiction over support and arrearages, since the filing of a Notice of Appeal, under Greene v. Greene, 223 Va. 210 (1982)." Consequently, she argues, "[s]ince the trial Court lack[ed] jurisdiction over [her] support and arrearages, it lack[ed] jurisdiction over [husband's] support and fee claims, which are inextricably intertwined."

Greene and its progeny make clear that "[t]he orderly administration of justice demands that when an appellate court acquires jurisdiction over the parties involved in litigation *and the subject matter of their controversy*, the jurisdiction of the [circuit] court from which the appeal was taken must cease." Greene, 223 Va. at 212 (emphasis added); see also Reaves v. Tucker, 67 Va. App. 719, 727 (2017); McCoy v. McCoy, 55 Va. App. 524, 528 (2010). Jurisdiction transfers from the circuit to the appellate court when the appeal is filed and docketed in the clerk's office of the appellate court. Holden v. Holden, 35 Va. App. 315, 326 (2001).

Wife misconstrues the meaning and import of the circuit court's ruling with respect to Greene. At the November 9, 2018 hearing, husband noted that wife had appealed the denial of her prior motion seeking modification of support and that the appeal was still pending before this Court. Citing Greene, the circuit court denied wife's motions and explained to her that noting her appeal had transferred jurisdiction to this Court. However, when wife filed and docketed her appeal, that appeal only deprived the circuit court of "the subject matter of the[] controversy"

- 9 -

pertinent to the denied motion—*i.e.,* whether the court should modify the parties' support arrangements going forward. <u>Greene</u>, 223 Va. at 212. Wife's appeal did not, as she contends, deprive the circuit court of jurisdiction over all matters relating to the parties' then-existing support arrangements, and in particular did not deprive it of jurisdiction to issue orders enforcing the terms of those arrangements. Thus, contrary to wife's assertion, the circuit court's November 9, 2018 ruling did not constitute a finding that it lacked jurisdiction over arrearages or the support due from wife pending resolution of her appeal, and it does not require this Court to find that the court lacked jurisdiction "over [husband's] support and fee claims." Consequently, we hold that the circuit court did not err when it entered its contempt order during the pendency of wife's appeal of the denial of her motion to modify support.

The Application of Rule 1:1<br>(Assignment of Error Three)

Wife argues that the circuit court erred when it entered its contempt order because that order "violates Rule 1:1." Specifically, she contends that the court's final order of divorce was a final order under the terms of Rule 1:1(b), and thus the circuit court lacked jurisdiction to issue any further orders with respect to the parties' divorce. Consequently, she maintains, she cannot be found in contempt for failing to obey the court's subsequent orders that she pay certain sums to husband because those orders are "all unlawful under Rule 1:1."

"[A]s a question of law, the interpretation of one of the Rules of [the Supreme] Court is subject to de novo review." <u>Northern Va. Real Est., Inc. v. Martins</u>, 283 Va. 86, 102-03 (2012).

Rule 1:1(a) provides, in pertinent part, that "[a]ll final judgments, orders, and decrees . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." In turn, Rule 1:1(b) defines the qualities that make a judgment, order, or decree final and thus subject to expiration of the court's jurisdiction after twenty-one days, "[u]nless otherwise provided by rule or statute."

Here, in its final order of divorce, the circuit court noted its jurisdiction pursuant to Code § 20-107.3(K) to enter "such further Orders as may be necessary to effectuate or enforce the terms of this Order, the Custody Order and the parties' Agreement." Code § 20-107.3(K)(2) provides that circuit courts may "[p]unish as contempt of court any willful failure of a party to comply with the provisions of any order made by the court under this section." Further, subsection F of the statute provides that circuit courts may consider, "upon motion of either party . . . whether an order for support or maintenance of a spouse or children shall be entered or, if previously entered, whether such order shall be modified or vacated." Code § 20-107.3(F). Thus, the circuit court possessed, as "provided by . . . statute" in Code § 20-107.3, the jurisdiction to enforce its final order of divorce and to issue and enforce further orders with respect to the parties' divorce. Rule 1:1(b); see also Kahn v. McNicholas, 67 Va. App. 215, 228 (2017) (acknowledging a trial court's authority to enforce a final decree of divorce through its contempt powers and the operation of Code § 20-107.3). Accordingly, and contrary to wife's argument, Rule 1:1(b) did not impose finality on the circuit court's final order of divorce after twenty-one days. We thus hold that the circuit court did not err in entering further orders in this matter, including the contempt order at issue in this appeal.[3]

Creating a "Back Door" to Invade a Retirement Account
(Assignment of Error Four)

Wife argues that the circuit erred by entering its contempt order because the order "creates a 'back door' to invade a retirement account where there is no qualified domestic relations order." She contends that the circuit court's "finding that the retirement account

---

[3] To the extent that wife, in her third and fourth assignments of error, also argues that the circuit court improperly utilized its contempt power to "require" or "order" her to make an early withdrawal from her retirement account, we address that argument below.

without a [qualified domestic relations order] . . . creates a 'current and actual' 'ability to pay,' is erroneous as a matter of law, arbitrary and capricious, and a clear abuse of discretion."

To the extent that wife's assignment of error challenges the circuit court's finding that she has the ability to pay the amounts owed, we hold that wife has waived any such argument. Neither in closing argument at the hearing, nor when the court ruled from the bench, nor on the court's written contempt order did wife specifically object to the court's finding that she has the ability to pay. "Rule 5A:18 requires that objections to a trial court's . . . ruling be made with specificity in order to preserve an issue for appeal. A trial court must be alerted to the precise issue to which a party objects." Fox v. Fox, 61 Va. App. 185, 201 (2012) (citation omitted); see also Lee v. Lee, 12 Va. App. 512, 515 (1991) (noting that a litigant "may meet the mandates of Rule 5A:18 in many ways," by making clear the ground for an objection in closing argument, on the court's written order, or in a motion to set aside the verdict or a motion to reconsider).[4] The rule functions to "ensure that any perceived error by the trial court is 'promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary.'" Id. (quoting Brown v. Commonwealth, 8 Va. App. 126, 131 (1989)). Because wife did not object to the trial court's finding that she has the ability to pay, we will not consider her argument on this issue on appeal.

Due Process and Equal Protection
(Assignments of Error Seven, Eight, and Nine)

Wife argues that the circuit court erred in entering its contempt order because the court "failed to provide due process . . . [and] equal protection under the Virginia and U.S.

---

[4] Although wife filed a motion for reconsideration, for the reasons discussed below the circuit court did not have an opportunity to rule on the merits of that motion and thus the arguments advanced in it were not preserved. Further, wife has not advanced good cause or ends of justice arguments with respect to this assignment of error, and this Court will not consider such arguments *sua sponte*. See Mayer v. Corso-Mayer, 62 Va. App. 713, 717 n.1 (2014); Kolesnikoff v. Commonwealth, 54 Va. App. 396, 403 (2009).

Constitution." However, wife failed to preserve any due process or equal protection arguments in the circuit court.

Wife first contends that the circuit court deprived her of due process and equal protection under the law by finding her in contempt where she "simply has an 'inability to pay'" and is a "*bone fide* insolvent." As noted above, the circuit court found that wife had the ability to pay the sums owed to husband and wife did not object to that finding. Having thus waived any argument that she is insolvent and unable to pay, wife has consequently waived any argument that the circuit court's contempt finding violated her constitutional rights on that basis. See Rule 5A:18; Roberts v. Roberts, 41 Va. App. 513, 525 (2003) (noting that "[t]he requirements of Rule 5A:18 apply equally to constitutional claims").

Wife further contends that the circuit court violated her rights to due process and equal protection by ordering her to pay certain sums that were "outside the scope of the Rule to Show Cause" or "not referenced in the Rule to Show Cause."[5] However, wife did not argue before the circuit court that any of the sums at issue were not encompassed by husband's rule to show cause or were otherwise not properly before the court. Consequently, wife waived any argument that the sums complained of were beyond the scope of the proceedings and that ordering her to pay them thus violated her equal protection and due process rights. See Rule 5A:18; Roberts, 41 Va. App. at 525.

For the above reasons, we do not consider the issues raised in wife's seventh, eighth, and ninth assignments of error.[6]

---

[5] The attorney's fees awarded to husband by this Court on June 28, 2016, were not encompassed by husband's petition for rule to show cause but were encompassed by his motion to establish attorney's fees and a payment plan. Both matters were before the circuit court at the November 20, 2018 contempt hearing.

[6] Wife raises additional due process arguments on brief which we also decline to consider. First, wife asserts that "the trial court deprived [her] of 'due process' when it

<u>Finding of Ability to Pay and Requiring Early Withdrawal from Retirement Fund</u>
<u>(Assignment of Error Eleven)</u>

Wife argues that the circuit court erred in "ruling that there was an ability to pay without an analysis of income and expenses, and requiring an early withdrawal . . . from a retirement account."

As noted above, wife did not argue inability to pay in closing argument, did not object to the court's finding that she could pay the sums at issue when the court ruled from the bench, and did not note an objection to the finding on the court's written contempt order. Consequently, she waived any objection to the circuit court's finding that she has the ability to pay the sums detailed in its contempt order. <u>See</u> Rule 5A:18.

To the extent that wife argues the circuit court erred in "requiring an early withdrawal" from her retirement fund, we find no evidence of such a requirement in the record. The circuit court determined that wife was able to pay the sums sought by husband but did not specify how, exactly, she was to do so. Instead, in ordering wife to pay, it instructed her that "it will be up to

circumvented Black Letter contract and lien law concerning what . . . [it] conceded were 'monetary judgments' as opposed to 'Domestic Support Obligations.'" To the extent that wife's argument on this matter is articulated on brief, it is clear that no such argument was presented to the circuit court and thus the argument is waived. <u>See</u> Rule 5A:18.

Second, wife alleges that the contempt order was improper because the underlying orders which the court sought to enforce were "fraudulently procured, through extrinsic and intrinsic fraud, [and] without 'due process,'" and were thus "Void or Voidable." Thus, wife's argument is an attempt to utilize a due process argument in the service of a collateral attack upon preexisting court orders. <u>See</u> <u>Matthews v. Matthews</u>, 277 Va. 522, 527 (2009) (noting that "[a] collateral attack is an attempt to impeach a judgment in a proceeding not instituted for the purpose of annulling or reviewing that judgment"). Although wife attempted at the hearing to collaterally attack the orders which husband sought to enforce, the circuit court noted that it did not have the authority to relitigate prior court orders. On appeal, wife did not assign error to the circuit court for failing to consider her attack upon the underlying orders, and thus wife's argument regarding the underlying orders with respect to due process is not properly before this Court. <u>See</u> <u>Fox v. Fox</u>, 61 Va. App. 185, 202 (2012) (noting that "Rule 5A:20(c) requires us to hold that [an] issue is waived" when it is not included in an appellant's assignments of error).

Third, wife argues she was denied due process because the circuit court's contempt order violates federal consumer protection laws. For the reasons noted below, this issue, which was raised solely in wife's motion for reconsideration, was not preserved.

[her] how she wants to do it." Consequently, we hold there was no error by the circuit court as alleged by wife.

Cruel and Unusual Punishment in Violation of the Eighth Amendment<br>(Assignment of Error Thirteen)

Wife argues that the circuit court erred in using its contempt power to threaten her with "incarceration for failure to pay civil 'monetary judgments[,]'" which "is illegal under the . . . 8th . . . Amendment[] as 'cruel and unusual punishment.'"[7]

Here, although the circuit court ruled from the bench that wife would be jailed if she did not purge her contempt by a certain date, the court's written contempt order contained no incarceration provision. "It is well established in this Commonwealth that a circuit court speaks only through its written orders," Roe v. Commonwealth, 271 Va. 453, 457 (2006), and that "those orders are presumed to accurately reflect what transpired" at trial, Rubino v. Rubino, 64 Va. App. 256, 265 (2002) (quoting McBride v. Commonwealth, 24 Va. App. 30, 35 (1997)). "This presumption also applies where an order conflicts with a transcript of related proceedings." Marttila v. Cty. of Lynchburg, 33 Va. App. 592, 598 (2000). Because we are guided by the circuit court's written order, which did not threaten wife with incarceration if she failed to purge

---

[7] Wife's thirteenth assignment of error also alleges that the circuit court's conduct was "illegal under the 5th . . . and 14th Amendments as 'cruel and unusual punishment'" and was "a deprivation of Constitutional rights, privileges and immunities." Wife made no argument to the circuit court with respect to any putative violation of her Fifth Amendment rights, and thus we hold that wife has waived any such argument before this Court. See Rule 5A:18. To the extent that wife raises arguments in this assignment of error which relate to the equal protection provisions of the Fourteenth Amendment, we note, as discussed above, that wife failed to preserve any equal protection arguments. With respect to wife's "privileges and immunities" contention, wife made no argument to the circuit court about any specific constitutional privileges and immunities which were allegedly at issue. Consequently, we hold that wife failed to preserve any argument with respect to privileges and immunities on appeal. See id.

her contempt, we conclude there is no basis for wife's argument.  Consequently, we hold the trial court did not err as alleged by wife.[8]

Denial of Wife's Motion for Reconsideration
(Assignments of Error Five, Six, Ten, Fourteen, and Fifteen)

Wife's fifteenth assignment of error argues that the circuit court erred in denying her motion for reconsideration.  She presents no specific argument on brief as to why the denial of her motion was error.

"Motions . . . to reconsider a prior ruling involve matters wholly in the discretion of the trial court."  Thomas v. Commonwealth, 62 Va. App. 104, 109 (2013).  Thus, "[w]e review a trial court's denial of a motion to reconsider for an abuse of discretion."  Winston v. Commonwealth, 268 Va. 564, 620 (2004).

"Final judgments, orders and decrees 'shall remain under the control of the trial court and [may] be modified, vacated, or suspended for twenty-one days after the date of entry and no longer.'"  Wells v. Shenandoah Valley Dep't of Soc. Servs., 56 Va. App. 208, 213 (2010) (alteration in original) (quoting Rule 1:1).  "[T]he running of the twenty-one day time period prescribed by Rule 1:1 may be interrupted only by the entry, within . . . [that] period, of an order modifying, vacating, or suspending the final judgment order."  Coe v. Coe, 66 Va. App. 457, 468 (2016) (quoting Super Fresh Food Mkts. of Va. v. Ruffin, 263 Va. 555, 560 (2002)).  "Neither the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, *nor the pendency of such motions* on the twenty-first day after final judgment, is

---

[8] In connection with this assignment of error, wife also asserts that she is "immune from civil, criminal and administrative prosecution under [Code] § 63.2-151[2]."  That statute provides, in pertinent part, that in matters concerning reports of child abuse and neglect and subsequent investigations and judicial proceedings, certain persons shall generally "be immune from any civil or criminal liability in connection therewith."  Wife made no argument to the circuit court in connection with this assertion, and thus her argument is waived.  See Rule 5A:18; Mabe v. Wythe Cty. Dep't of Soc. Servs., 53 Va. App. 325, 329 (2009) (noting that this Court will not consider arguments on appeal which were not presented to the circuit court).

sufficient to toll or extend the running of the twenty-one day time period of Rule 1:1." Ruffin, 263 Va. at 560 (emphasis added).

Here, the circuit court entered its contempt order on November 20, 2018. Wife filed her motion for reconsideration and suspending order on December 11, 2018. On December 17, 2018, the court entered an order denying the motion and explaining that wife had "filed her motion on the last day the Court would have had jurisdiction to change its order, which thus did not reach the [court] in time to consider a suspending order as no copy was left with Chambers . . . directing the matter be given the [court's] immediate attention." Thus, the court denied wife's motion not by ruling on its merits, but rather because wife had filed her motion on the last day that the court had jurisdiction to consider it and did not direct the court's immediate attention to the motion while it still retained its jurisdiction. Neither wife's filing of her motion on the twenty-first day after entry of the contempt order, nor the pendency of her motion on that day, was sufficient to toll or extend the jurisdictional limit imposed by Rule 1:1. See Ruffin, 263 Va. at 560. Consequently, we hold that the circuit court did not abuse its discretion in denying wife's motion for reconsideration and for a suspending order.

Further, we note that wife's motion failed to preserve several issues and arguments for appeal to this Court. On appeal, wife assigns several errors to the circuit court based upon arguments or objections which she raised solely in her motion for reconsideration. As noted above, the court did not rule on the merits of wife's motion for want of opportunity to do so. Because there was no ruling on the merits of the arguments and objections raised solely in the motion, those matters are not preserved for appellate review. See Rule 5A:18; Brandon v. Cox, 284 Va. 251, 256 (2012) (holding that simply filing a motion to reconsider within the twenty-one-day period prescribed by Rule 1:1 is insufficient to preserve an issue for appellate review because the court must "ha[ve] the opportunity to rule upon the argument that [the

appellant later] presents on appeal"); <u>Westlake Legal Group v. Flynn</u>, 293 Va. 344, 352 (2017) (holding that assignments of error were not preserved for appeal where the arguments they contained were first made in a motion to reconsider, the record contained no indication that a hearing was requested or that the motion was heard or decided, and the circuit court entered no order suspending, modifying, or vacating its previous order). We conclude from our examination of the record that wife's fifth, sixth, tenth, and fourteenth assignments of error raise arguments or objections presented to the circuit court solely in wife's motion to reconsider. Consequently, the matters encompassed by those assignments of error are not properly before us, and we decline to consider them.[9]

### III. CONCLUSION

For the foregoing reasons, we affirm the decision of the circuit court.

<u>Affirmed.</u>

---

[9] Those assignments of error respectively alleged that the trial court erred in entering the contempt order because: (1) the order "improperly circumvented the U.S. Bankruptcy Code and invaded 'exempt' property following an Order of Discharge" from bankruptcy; (2) the order "improperly circumvented the U.S. Consumer Protection Laws, requiring 'substantial due process' before debt collection practices" and "exceed[ed] thresholds for collection" under such laws; (3) husband "failed to reschedule prior proceedings on offsets continued because [he] was unprepared for trial on May 10, 2016 and the judge failed to appear on May 10, 2016"; and (4) the circuit court "refused to correct clerical errors and arithmetic reflecting [husband], not [wife] was owed unreimbursed medical expenses."