COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


DONESH R. ZAMANI
                                          OPINION BY
v.    Record No. 1645-96-3          JUDGE SAM W. COLEMAN III
                                       NOVEMBER 18, 1997
COMMONWEALTH OF VIRGINIA

               FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                      Porter R. Graves, Jr., Judge

          John Burns Earle, III (Miller, Ralston &
          Earle, on brief), for appellant.

          Robert H. Anderson, III, Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


     Donesh R. Zamani appeals from his convictions for two counts
of sexual battery.  He claims the circuit court misinterpreted
Code §§ 16.1-133 and 16.1-133.1 by holding that the general
district court lacked jurisdiction to reopen his case after he
had appealed the convictions to the circuit court and after he
had appeared therein.  As a result, he contends, the circuit
court erred in affirming the original judgments of the general
district court by applying the provisions of Code § 16.1-133 when
he "withdrew" his appeal from the circuit court in order to
reopen and transfer the case to the district court.  He further
contends the circuit court should have recognized the general
district court's authority to reopen the case pursuant to Code
§ 16.1-133.1 and should have transferred the case to the district
court.  For the reasons that follow, we reverse the order of the

circuit court affirming the original convictions and we remand the case to the circuit court with directions.

## I. BACKGROUND

On March 21, 1996, the General District Court of Rockingham County convicted the appellant on two counts of sexual battery in violation of Code § 18.2-67.4. The district court sentenced the appellant to suspended sentences of ninety days and sixty days, respectively, placed him on probation for one year and referred him for psychological evaluation.

The appellant timely noted his appeal to the circuit court for a trial de novo pursuant to Code § 16.1-132. On April 8, 1996, he appeared in the circuit court to set a trial date, at which time he also waived his right to a jury trial.

On April 12, 1996, the district court granted his motion to reopen the case pursuant to Code § 16.1-133.1. On rehearing, the district court found that sufficient evidence existed to convict the appellant on both counts, but withheld final adjudication and took the case under advisement for one year.

On April 16, 1996, twenty-seven days after the original conviction in the district court, the appellant appeared in the circuit court and "withdrew" his appeal. The circuit court held that because an appeal had been taken and more than ten days had elapsed since the date of conviction, when the defendant appeared and "withdrew" his appeal the district court had been divested of jurisdiction to reopen and reconsider its initial decision and

sentence; therefore, under Code § 16.1-133 the circuit court was required to affirm the original district court decision. Accordingly, the circuit court affirmed the district court's original judgments pursuant to Code § 16.1-133 and disregarded the subsequent disposition imposed upon rehearing. This appeal followed.

## II. STATUTORY PROVISIONS

This appeal requires that we reconcile the Code's provisions pertaining to two different post-trial procedures in courts not of record: (1) Code § 16.1-133.1, dealing with a petition to reopen and rehear a case by a general district court; and (2) Code §§ 16.1-132 and 16.1-133, dealing with appeals from a general district court to a circuit court for a trial de novo and the withdrawal of appeals.

> Code § 16.1-133.1 provides:
> Within sixty days from the date of conviction of any person in a general district court . . . for an offense not felonious, the case may be reopened upon the application of such person and for good cause shown. Such application shall be heard by the judge who presided at the trial in which the conviction was had . . . . If the case is reopened after the case documents have been filed with the circuit court, the clerk of the circuit court shall return the case documents to the district court in which the case was originally tried.

Code § 16.1-132, on the other hand, provides for the appeal of a conviction from the general district court. It states that "[a]ny person convicted in a district court of an offense not

- 3 -

felonious shall have the right, at any time within ten days from such conviction . . . to appeal to the circuit court."

An appellant may withdraw an appeal to the circuit court "at any time before it is heard" by the circuit court. Code § 16.1-133. If the appeal is withdrawn more than ten days after conviction, the circuit court shall forthwith "enter an order affirming the judgment of the lower court . . . ." Id. Thus, if the appeal is withdrawn before ten days have elapsed after judgment, the district court judgment remains in force and effect; if the appeal is withdrawn after ten days, the judgment is affirmed and becomes a judgment of the circuit court.

### III. ANALYSIS

The question in this appeal is whether, upon the appellant's withdrawal of his appeal in the circuit court, the circuit court was required to affirm the district court's original judgments or whether the provisions of Code § 16.1-133.1 pertained and authorized the district court to reopen and reconsider its judgments even after the appeal to the circuit court.

Neither Code section expressly addresses this issue. See Commonwealth Dep't of Mines, Minerals & Energy v. May Bros. Inc., 11 Va. App. 115, 118, 396 S.E.2d 695, 696 (1990). On their face, the two Code sections grant unqualified jurisdiction to each of the courts during the sixty days following conviction. In order to reconcile the statutes, we apply the applicable rules of statutory construction.

"'[T]he primary objective of statutory construction is to ascertain and give effect to legislative intent.'"  Crews v. Commonwealth, 3 Va. App. 531, 535-36, 352 S.E.2d 1, 3 (1987) (quoting Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)).  In interpreting statutes, "courts should give the fullest possible effect to the legislative intent embodied in the entire statutory enactment."  Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 157, 384 S.E.2d 622, 625 (1989).  To do so, "[t]wo statutes which are closely interrelated must be read and construed together and effect given to all of their provisions." ACB Trucking, Inc. v. Griffin, 5 Va. App. 542, 547-48, 365 S.E.2d 1, 3 (1988) (citations omitted).  Potentially conflicting statutes should be harmonized to give force and effect to each. See Board of Supervisors v. Marshall, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975).

Applying the rules of statutory construction to the two statutes, we believe the General Assembly intended to make fully available to a person convicted of a misdemeanor or traffic offense both the right to seek review by a de novo appeal and the right, within sixty days, to petition to reopen the case in the district court.  Neither statute contains language indicating that the exercise of one right limits or precludes the exercise of the other.  Thus, the two statutes must be construed in a manner that affords a convicted person the full opportunity to employ both post-trial procedures to the extent that the exercise

of one does not conflict with the exercise of the other.[1]

The Commonwealth urges that we construe Code §§ 16.1-133 and 16.1-133.1 to provide that when a defendant is convicted in the district court and appeals to the circuit court, the defendant cannot after ten days avail himself or herself of the statutory right to petition the district court to reopen and reconsider, particularly if the defendant has made an appearance in the circuit court. In other words, the Commonwealth contends that Code § 16.1-133.1, which allows a defendant sixty days to petition the district court to reopen, should not apply where an appeal has been perfected to the circuit court and the circuit court has assumed jurisdiction of the case. Under the Commonwealth's approach, if an appeal is taken to the circuit court, unless the petition to reopen is filed and granted within ten days from the district court judgment, the circuit court must affirm the district court's judgment if the appeal is withdrawn. The Commonwealth further argues that under this approach, when a convicted defendant appeals and appears in circuit court to move for a continuance or waive a jury trial, the circuit court has exercised its jurisdiction and the district court may not reopen or rehear the case.

---

[1]Virginia courts have long favored rehearings because they reduce the time and expense of appeals. See Summers v. Darne, 72 Va. 791 (1879); Michie's Rehearings § 4 (1987). Thus, Code § 16.1-133.1, which grants authority for the district court to reopen and rehear a case, is supported by strong public policy considerations.

If the legislature had intended to limit the right of the district court to reopen and rehear a case under Code § 16.1-133.1 in the manner suggested by the Commonwealth, it would have expressed this intent in the language of the statute. The legislature has provided, without limitation, a sixty day window for the district courts to reopen and rehear cases, provided that good cause is shown for doing so. We cannot impose such a limitation by judicial edict. See Crews, 3 Va. App. at 535, 352 S.E.2d at 3 ("[T]he plain, obvious, and rational meaning of the statute is always to be preferred to any curious, narrow, or strained construction.") (citations omitted).

Reading the statutes in conjunction with one another, we hold that when an appeal has been perfected to the circuit court, and until a de novo hearing on the merits has commenced, the district court may "for good cause shown" reopen and reconsider its judgment within sixty days from the final judgment.

The circuit court affirmed the original judgments of the district court when appellant "withdrew" the appeal. The appellant was not required to "withdraw" the appeal under Code § 16.1-133 before the district court could reopen and reconsider its judgments. Code § 16.1-133, providing for the withdrawal of an appeal and affirmance of the district court's judgment, has no application once a proceeding to reopen has been granted. Code § 16.1-133.1, which controls the reopening and reconsideration of the district court's judgment, expressly provides that "[i]f the

case is reopened after the case documents have been filed with the circuit court, the clerk of the circuit court shall return the case documents to the district court in which the case was originally tried." Thus, when the district court granted the petition to reopen, the clerk of the circuit court was required to return the documents to the district court. Therefore, the "withdrawal" of the appeal in the circuit court and its affirmance of the district court's judgments was ineffectual and a nullity.

Finally, the Supreme Court's holding in Greene v. Greene, 223 Va. 210, 288 S.E.2d 447 (1982), relied upon by the Commonwealth, is inapplicable to this case. In Greene, the Supreme Court held that a trial court could not modify a child custody order while an appeal from such order was pending in the Supreme Court. Id. at 212, 288 S.E.2d at 448. No statute similar to Code § 16.1-133.1 exists for cases appealed from the circuit court to the Supreme Court or the Court of Appeals.

For the foregoing reasons, we hold that the district court retained jurisdiction, for good cause, to rehear and modify its judgments in the appellant's case when it granted the petition to rehear. Accordingly, the circuit court was required to return the case documents to the district court, and its affirmance of the original district court order is reversed. We remand the case to the circuit court to vacate its order affirming the original district court judgments and for entry of an order

remanding the case to the district court for entry of its order

pursuant to the rehearing.

<u>Reversed and remanded.</u>