Present: All the Justices

COMMONWEALTH OF VIRGINIA

OPINION BY
v.   Record No. 972645       CHIEF JUSTICE HARRY L. CARRICO
November 6, 1998
DONESH R. ZAMANI

FROM THE COURT OF APPEALS OF VIRGINIA

Resolution of the question presented in this case requires an interpretation of Code § 16.1-133, relating to the withdrawal of appeals to circuit courts from judgments of courts not of record,[1] and Code § 16.1-133.1, relating to the reopening of cases in courts not of record.  Finding that the Court of Appeals correctly interpreted and applied the Code sections, we will affirm its judgment.

Code § 16.1-133 provides that any person convicted in a court not of record of an offense not felonious may, at any time before an appeal is heard by the circuit court, withdraw the appeal, pay the fine and costs, and serve any sentence which has been imposed.  If the appeal is withdrawn more than ten days after conviction, the circuit court shall forthwith enter an order affirming the judgment of the lower court and the clerk shall tax the costs as provided by statute.  Where the withdrawal occurs within

_____

[1] Code § 16.1-132 provides that any person convicted in a district court of an offense not felonious shall have the right within ten days from such conviction to appeal to the circuit court.

ten days after conviction, no additional costs shall be charged, and the judgment of the lower court shall be affirmed without action by the circuit court.

Code § 16.1-133.1 provides that within sixty days from the date of conviction of any person in a district court for an offense not felonious, the case may be reopened by the district court upon the application of such person for good cause shown. If the case is reopened after the case documents are filed with the circuit court, the clerk of that court shall return such documents to the district court in which the case originated.

The record shows that on March 21, 1996, the General District Court of Rockingham County convicted Donesh R. Zamani (Zamani) of two misdemeanor offenses of sexual battery and sentenced him to jail terms of ninety days on one offense and six months on the other. The court suspended both terms, placed Zamani on probation, and referred him for psychological evaluation. On the same date, Zamani noted an appeal to the circuit court from both convictions.

The notices of appeal signed by Zamani in district court stated that his cases were scheduled to be called for trial in the circuit court on April 8, 1996. On that date, Zamani appeared in circuit court and waived trial by jury.

On motion of the Commonwealth, the court continued the cases for trial on April 19, 1996.

On April 12, 1996, Zamani appeared in the general district court, at which time that court reheard the cases, took additional evidence, and entered an order finding that, although the evidence was sufficient to convict Zamani on both charges, there was sufficient cause to withhold final adjudication of the matters. The court took the cases under advisement for one year on condition that Zamani be on probation during that time, complete psychological counseling, and be of good behavior. The order concluded with the statement that "[u]pon the successful completion of the above conditions this matter will be dismissed on April 19, 1997."

On April 19, 1996, within the sixty-day period prescribed by Code § 16.1-133.1, Zamani moved the circuit court to withdraw his appeals. After oral argument, the court ruled that, "[u]pon the transfer of the case to the Circuit Court and the appearance of the parties thereon and the passage of time for that[,] the Court feels that this does divest the General District Court of jurisdiction in the matter." In a June 17, 1996 order, the circuit court affirmed the district court's sentences as originally imposed on March 21, 1996.

3

Zamani appealed to the Court of Appeals and was awarded an appeal. The Court of Appeals reversed the judgment of the circuit court and remanded the case with directions for the circuit court to "vacate its order affirming the original district court judgments and for entry of an order remanding the case to the district court for entry of its order pursuant to the rehearing." Zamani v. Commonwealth, 26 Va. App. 59, 66, 492 S.E.2d 854, 858 (1997). We awarded the Commonwealth this appeal.

The Commonwealth recites on brief the principles that apply to the construction of statutes. The primary objective of statutory construction is to ascertain and give effect to legislative intent. Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983). The plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction. Id. A statute is not to be construed by singling out a particular phrase; every part is presumed to have some effect and is not to be disregarded unless absolutely necessary. VEPCO v. Citizens for Safe Power, 222 Va. 866, 869, 284 S.E.2d 613, 615 (1981); Raven Coal Corp. v. Absher, 153 Va. 332, 335, 149 S.E. 541, 542 (1929). And, when two statutes seemingly conflict, they should be harmonized, if at all possible, to give effect to

4

both.  Board of Supervisors v. Marshall, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975).

The Commonwealth argues that while the Court of Appeals "applied these fundamental tenets of statutory construction to hold that § 16.1-133.1, not § 16.1-133, governed this case," the effect of the Court of Appeals' decision was to contravene the "fundamental tenets," ignore "the unambiguous language of § 16.1-133," and nullify the provision of that Code section requiring a circuit court to affirm the judgment of a district court when an appeal is withdrawn more than ten days after conviction.  The Commonwealth maintains that, because Zamani did not withdraw his appeal until more than ten days had elapsed from the date of his conviction, Code § 16.1-133 "required the circuit court to affirm the judgment [of the district court] that had been the subject of the notice of appeal."[2]

---

[2] The Commonwealth claims that its position was misstated by the Court of Appeals when it said that "[u]nder the Commonwealth's approach, if an appeal is taken to the circuit court, unless the petition to reopen is filed and granted within ten days from the district court judgment, the circuit court must affirm the district court's judgment if the appeal is withdrawn."  Zamani, 26 Va. App. at 64, 492 S.E.2d at 857.  The Commonwealth avows that its position in the Court of Appeals was, and is here, that "a district court is free to reopen a case under § 16.1-133.1, but only so long as the case has not been 'heard' in the circuit court."  We will take the Commonwealth at its word.

The difficulty with the Commonwealth's position is that the position itself contravenes the "fundamental tenets" the Commonwealth has endorsed as applicable to statutory construction. The Commonwealth singles out a particular provision of the statutes under review, i.e., § 16.1-133's provision that "the circuit court shall forthwith enter an order affirming the judgment of the lower court," to the exclusion of other provisions equally unambiguous, notably, the provision of Code § 16.1-133.1 that authorizes a district court to reopen a case within sixty days of conviction.

The Commonwealth dismisses this latter provision with the argument that "§ 16.1-133.1 does not apply to cases in which the defendant goes forward with his appeal of his convictions to the circuit court." This argument, however, also contravenes the "fundamental tenets" when it is considered in context with the construction the Commonwealth gives the term "heard," as used in the provision of Code § 16.1-133 which permits withdrawal of an appeal "at any time before [it] is heard."

The Commonwealth argues that Zamani's appeal was heard when he appeared in circuit court on April 8, 1996, waived his right to a jury trial, and concurred in the Commonwealth's motion to continue the case to April 19,

6

1996.  The Commonwealth says that, upon such hearing, "the district court's jurisdiction terminated, and Zamani could no longer withdraw his appeal, at least for purposes of invoking § 16.1-133.1."

To say the least, the Commonwealth's construction of the term "heard" is "curious, narrow, or strained."  See Turner, 226 Va. at 459, 309 S.E.2d at 338.  The incidents of April 8, 1996, were merely procedural in nature and preliminary to the hearing of Zamani's appeal.  While the Commonwealth may be correct in saying that Code § 16.1-133 speaks of an appeal being "heard," not "tried," Code § 16.1-136, entitled "How appeal tried," states that "[a]ny appeal taken under the provisions of this chapter shall be heard de novo . . . and shall be tried without formal pleadings in writing."

Obviously, something more than incidents like those of April 8, 1996, is necessary before an appeal can be considered as having been "heard."  We agree with the Court of Appeals that "a de novo hearing on the merits" must commence before the district court's jurisdiction to reopen a case is terminated.  Zamani, 26 Va. App. at 65, 492 S.E.2d at 857.  The incidents of April 8, 1996, did not rise to the dignity of a de novo hearing on the merits.

Furthermore, the Commonwealth's position gives no effect to the authority implicitly granted a district court by Code § 16.1-133.1, upon reopening a case, to modify or reverse its original judgment.  Surely, the General Assembly did not intend that, after a case is reopened, a district court's authority to modify or reverse its original judgment could be thwarted by a circuit court's summary affirmance of the judgment because an appeal is withdrawn more than ten days after conviction.

The Commonwealth argues, however, that the General Assembly did intend something different.  The Commonwealth says that "the legislature intended a procedure where Zamani had two procedural alternatives — i.e., to seek a reopening of his case in the district court within the 60 days after conviction, or to appeal the case to the circuit court for a de novo trial."  Zamani "was not entitled," the Commonwealth maintains, "to a third option, whereby he could reopen the case in the district court and then, if unhappy with the result, resurrect his appeal to the circuit court."

We disagree with the Commonwealth.  As the Court of Appeals stated in its opinion in Zamani:

> [T]he General Assembly intended to make fully available to a person convicted of a misdemeanor . . . both the right to seek review by a de novo appeal and

8

the right, within sixty days, to petition to reopen the case in the district court. Neither [§ 16.1-133 nor § 16.1-133.1] contains language indicating that the exercise of one right limits or precludes the exercise of the other. Thus, the two statutes must be construed in a manner that affords a convicted person the full opportunity to employ both post-trial procedures to the extent that the exercise of one does not conflict with the exercise of the other.[3]

Zamani, 26 Va. App. at 63-64, 492 S.E.2d at 856-57 (footnote omitted).

Furthermore, the language in Code § 16.1-133.1 itself demonstrates the clear legislative intent that a defendant may pursue both an appeal to circuit court and an application for reopening in district court. The final sentence of Code § 16.1-133.1 states: "If the case is reopened after the case documents have been filed with the circuit court, the clerk of the circuit court shall return the case documents to the district court in which the case was originally tried."

---

[3] The Commonwealth states that Zamani's exercise of his right to reopen his case in district court did conflict with the exercise of his right to appeal to circuit court. "[I]ndeed," the Commonwealth argues, "the Court of Appeals permitted Zamani to divest the circuit court of jurisdiction after the case had been heard in that court." While this argument seems to miss the point, Zamani's appeal, as we demonstrated supra, had not been "heard" in circuit court when the district court reopened the case and, in any event, we do not understand from the Commonwealth's argument how Zamani's exercise of one right is supposed to have conflicted with the exercise of the other.

This is legislative recognition of the propriety of the coexistence of an appeal in circuit court and a reopened case in district court, without any requirement that one be considered as exclusive of the other or that the filing for one precede the filing for the other. It is also legislative recognition that, although the clerk of the circuit court is required to return the case documents to the district court upon that court's reopening of a case, an appeal would remain pending in circuit court, albeit in a state of suspense, until withdrawn or decided.

Finally, the Commonwealth points out that this Court has previously held that an appeal of a district court judgment to a circuit court "is in effect a statutory grant of a new trial, which annuls the judgment of the inferior court as completely as if there had been no previous trial." Buck v. City of Danville, 213 Va. 387, 388, 192 S.E.2d 758, 759 (1972). The Commonwealth also reminds us that we have said that the effect of an appeal to circuit court is not only to annul the district court judgment but also to deprive the district court of further jurisdiction. Malouf v. City of Roanoke, 177 Va. 846, 855, 13 S.E.2d 319, 322 (1941).

It must be noted, however, that Malouf was decided in 1941 and Buck in 1972, while Code § 16.1-133.1 was not

enacted until 1973, effective as of July 1 of that year. 1973 Va. Acts ch. 440. The Code section was not considered in Buck and Malouf, and what was said there does not affect the conclusion we reach here.

By like token, Greene v. Greene, 223 Va. 210, 288 S.E.2d 447 (1982), cited by the Commonwealth, is inapposite. There, we held that a circuit court could not modify a child support order while an appeal from the order was pending in this Court. We said that "[t]he orderly administration of justice demands that when an appellate court acquires jurisdiction over the parties involved in litigation and the subject matter of their controversy, the jurisdiction of the trial court from which the appeal was taken must cease." Id. at 212, 288 S.E.2d at 448. But, as the Court of Appeals observed, "[n]o statute similar to Code § 16.1-133.1 exists for cases appealed from the circuit court to the Supreme Court or the Court of Appeals." Zamani, 26 Va. App. at 65, 492 S.E.2d at 857.

For the reasons assigned, we will affirm the judgment of the Court of Appeals.

Affirmed.