*240 SENIOR JUSTICE STEPHENSON, with whom JUSTICE LACY and JUSTICE KEENAN join,
dissenting.
I respectfully dissent. It is well established that, when two statutes are in apparent conflict, a court, if reasonably possible, must give them such a construction as will give force and effect to both. Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998); Board of Supervisors v. Marshall, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975).
In the present case, it is reasonably possible to construe and harmonize Code § 22.1-190(D) and Code § 15.2-2704 so as to give full force and effect to both. Code § 22.1-190(D) reasonably can be read to govern school boards that are individually self-insured for school bus accidents, requiring such school boards to apply for and receive a certificate of self-insurance. However, when a school board is not individually self-insured but is a member of a self-insurance pool, Code § 15.2-2704 provides that it “shall be deemed to meet the requirements of security as required and an application for a certificate of self-insurance . . . shall not be required.’’’’ (Emphasis added.) Therefore, the School Board qualified for the limit on liability despite its lack of a certificate of self-insurance.
In reaching this conclusion, I have given weight to the intent of the General Assembly in approving self-insurance pools for political subdivisions such as school boards. That intent is expressed in Code § 15.2-2700 as follows:
The General Assembly hereby finds and determines that insurance protection is essential to the proper functioning of political subdivisions; that the resources of political subdivisions are burdened by the high cost of and frequent inability to secure such protection through standard carriers; that proper risk management requires the spreading of risk so as to minimize fluctuation in insurance needs; and that, therefore, all contributions of financial and administrative resources made by a political subdivision pursuant to an intergovernmental contract as authorized by this chapter are made for a public and governmental purpose, and that such contributions benefit each contributing political subdivision.
The trial court’s ruling and the holding of the majority in the present case undermine the important governmental purpose and benefit that self-insurance pools provide. School boards, without the *241 $50,000 limit on liability, would be reluctant to become members of and reap the benefit from a self-insurance pool.
I would hold, therefore, that the trial court erred in denying the School Board’s motion to reduce the Plaintiffs’ ad damnum to $50,000 and in awarding damages in excess of the $50,000 limit. Accordingly, I would reverse the trial court’s judgment and remand the case for a redetermination of damages.