# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges AtLee, Chaney and Lorish
Argued at Lexington, Virginia


ANTHONY EUGENE MOORE

v.      Record No. 1932-23-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE VERNIDA R. CHANEY
JUNE 17, 2025

FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
G. Carter Greer, Judge

> Catherine French Zagurskie, Chief Appellate Counsel (Elena Kagan,
> Assistant Public Defender; Virginia Indigent Defense Commission,
> on briefs), for appellant.
>
> Rebecca Johnson Hickey, Assistant Attorney General (Jason S.
> Miyares, Attorney General, on briefs), for appellee.


Anthony Eugene Moore appeals the revocation of his suspended sentence on two counts of

possession of cocaine with intent to distribute second offense.  The circuit court revoked Moore's

suspended sentence and imposed a five-year term of active incarceration, including a term of good

behavior for life under Code § 19.2-306(C).  On appeal, Moore argues that the circuit court's order

is unlawful because the circuit court abused its discretion in sentencing him to serve his sentence

consecutively with the federal sentence and good behavior for life under Code § 19.2-306(C).

Seeing no abuse of discretion, this Court affirms the ruling of the circuit court.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

In March 2015, Moore pleaded guilty to two counts of possession of cocaine with intent to distribute, second offense, and was sentenced to a cumulative sentence of 25 years with 19 years suspended for an active sentence of 6 years, the mandatory minimum.[2] The court placed Moore on supervised probation for five years upon his release from active incarceration and ordered him to be "of good behavior indefinitely." Moore concedes that he did not object to the imposition of the period of indefinite good behavior in the 2015 sentencing order.

In November 2021, Moore was released from incarceration and began his term of supervision. In February 2022, Moore met with his probation officer, Erika Clark, where he was placed on "color code for drug testing purposes" and "submitted to a drug test that returned with positive results for cocaine." Moore tested positive again in May, and during the next two months, he was a "no-call/no-show" for drug testing. In July, Moore was arrested in Henry County for distributing cocaine and possessing a firearm. However, in September, those charges were nolle prossed, and Moore was subsequently charged in the United States District Court for the Western District of Virginia arising from the same incident. In July 2023, Moore pleaded guilty to one count of "possess[ing] cocaine (50 grams) with intent to distribute" and one count

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, [as] the prevailing party at trial." *Barrow v. Commonwealth*, 81 Va. App. 535, 539 (2024) (alteration in original) (quoting *Griffin v. Commonwealth*, 80 Va. App. 84, 87 (2024)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Id.* (quoting *Griffin*, 80 Va. App. at 87-88).

[2] The record in this case was partially sealed. "To the extent that this opinion mentions facts found in the sealed record, only those specific facts have been unsealed because they are relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Khine v. Commonwealth*, 82 Va. App. 530, 536 n.1 (2024) (quoting *Eckard v. Commonwealth*, ___ Va. ___, ___ n.1 (Aug. 1, 2024)).

of "possess[ing] a firearm in furtherance of a drug trafficking crime" in the federal court. Moore was sentenced to ten years and placed on three years of probation for his federal convictions. In August 2023, Clark prepared a major violation report documenting multiple probation violations.[3] The report stated that Moore had tested positive for cocaine on several occasions during the period of his supervised probation and "was a no-call/no-show for color code drug testing." Additionally, the report cited his new charges in federal court. Thus, a capias was issued for Moore's arrest on August 23, 2023.

At his probation violation hearing on October 5, Moore requested the circuit court to either sentence him to time served or to impose any sentence concurrently with his federal sentence. He explained that some federal programs for inmates would be unavailable if he had a detainer or an outstanding state sentence. The circuit court found that Moore violated his probation and rejected Moore's argument:

> [O]ne would think that after pulling six years in prison for distribution, that upon being released from prison, the defendant would refrain from that type of behavior in the future. That is not what he did. He did just the opposite. In fact, he added to it. He compounded it by the amount of cocaine of which he was in possession. He was convicted of possession, one count of possession of 50 grams with the intent to distribute, 50 grams of cocaine.

---

[3] Moore's probation officer cited him for a violation of probation Condition 1 ("I will obey all Federal, State and local laws and ordinances.") for obtaining new charges in federal court, Condition 6 ("I will follow the Probation and Parole Officer's instructions and will be truthful, cooperative, and report as instructed.") by failing to report for "color code drug testing on three occasions" and failing to "report for his [substance abuse] assessment," Condition 8 ("I will not unlawfully use, possess or distribute controlled substances or related paraphernalia.") by testing positive for cocaine, and Condition 9 ("I will not use, own, possess, transport or carry a firearm.") for obtaining a conviction of "possessing a firearm in furtherance of drug trafficking crimes" in federal court.

The court revoked "all 19 years of [Moore's] previously suspended sentence [and] resuspend[ed] 14 years[.]"  Additionally, the court "release[d him] from supervised probation and place[d him] on good behavior for life."  Moore appeals the circuit court's order.

ANALYSIS

On appeal, Moore argues that the circuit court abused its discretion in imposing five years of active incarceration to be served consecutively with his federal sentence.  He contends that the court improperly relied on speculation about the facts underlying his federal conviction and failed to properly give weight to his desire to partake in rehabilitative programs while in federal prison.  Moore also argues that the court erred in sentencing him to good behavior for life, exceeding its statutory authority under Code § 19.2-306.  For the reasons stated below, this Court finds that the circuit court did not err.

I.  The circuit court did not abuse its discretion by imposing a five-year active sentence or requiring the sentence to be served consecutively with his federal sentence.[4]

"On an appeal of a probation revocation, the [circuit] court's 'finding[s] of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'"  *Cosby v. Commonwealth*, 81 Va. App. 399, 408 (2024) (second alteration in original) (quoting *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022)).  "An abuse of discretion occurs 'when a relevant factor that should have been given significant weight is not considered' or 'when an irrelevant or improper factor is considered and given significant weight.'"  *Diaz v. Commonwealth*, 80 Va. App. 286, 304 (2024) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).  "The court also abuses its discretion when it commits a clear error of judgment, even if considering 'all proper factors, and no improper ones.'"  *Id.* (quoting *Kern v. TXO Prod. Corp.*,

---

[4] The Commonwealth argues that "consideration of this issue is barred by Rule 5A:20" because "Moore fails to cite any legal authority on brief, outside of his standard of review, in support of this issue and thus does not comply with [the rule]."  We find that this argument has been sufficiently developed for appellate review.

- 4 -

738 F.2d 968, 970 (8th Cir. 1984)). "In evaluating whether a [circuit] court abused its discretion . . . '[this Court does] not substitute [its] judgment for that of the [circuit] court. Rather, [this Court] consider[s] only whether the record fairly supports the [circuit] court's action.'" *Id.* at 304-05 (second, third, fourth, sixth, and seventh alterations in original) (quoting *Carter v. Commonwealth*, 293 Va. 537, 543 (2017)). "However, '[u]nder well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alteration in original) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)).

The Commonwealth argues that under Code § 19.2-308 "sentences run consecutively by default in Virginia, and the decision to run these sentences consecutively or concurrently is within the [circuit] court's discretion." *See* Code § 19.2-308 ("When any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court."). We agree and conclude that the circuit court did not abuse its discretion in requiring Moore's sentence to run consecutively with his federal sentence.

A. *Speculation about the facts underlying Moore's federal conviction.*

"Under Code § 19.2-306, '[a] [circuit] court has broad discretion to revoke a suspended sentence and probation.'" *Davis v. Commonwealth*, 70 Va. App. 722, 731 (2019) (first alteration in original) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). If a circuit court finds good cause to believe that the defendant violated the terms of suspension, then the court may revoke the suspension and impose a [new] sentence. Code § 19.2-306(C). "A Virginia [circuit] court 'clearly' acts within the scope of its sentencing authority 'when it chooses a point within the permitted statutory range' at which to fix punishment." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771 (2007)). "When exercising its discretionary power, the [circuit] court 'has a range of choice, and

- 5 -

. . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Celluci v. Commonwealth*, 77 Va. App. 36, 48 (2023) (en banc) (second alteration in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013)).

Moore argues that the circuit court "improperly relied on speculation about the facts underlying his federal conviction." He contends that his "probation violation is entirely based on his convictions for new offenses, and no evidence was presented about the conduct underlying these convictions." Moore suggests that the likely source of the circuit court's assertion that he possessed 50 grams of cocaine was from the major violation report ("MVR"). Further, he states that the court speculated when "he asserted that this was a factual statement about Moore's underlying conduct" because he was charged with different crimes than what he pleaded guilty to. Therefore, he concludes, "it is impossible to interpret the meaning of this parenthetical allusion of '50 grams' in Probation's description of the charges Moore [pleaded] guilty to."

Moore argues that "the [circuit] court's departure from the facts in the record is analogous to the error that this Court found required reversal in *Hess v. Commonwealth*, 17 Va. App. 738 (1994)." In *Hess*, this Court determined that the circuit court improperly relied on testimony from a separate misdemeanor criminal proceeding involving the appellant, over which the same judge presided. *Id.* at 742-43. Specifically, the circuit court erred by basing its decision to revoke probation and suspension of imposition of sentence upon testimony that the trial judge recalled from the misdemeanor prosecution "without his stating for or making part of the record the specific evidence upon which he relied to find that Hess had violated the conditions of probation and suspension of sentence." *Id.* at 739-40. This Court found that "[t]he judge did not delineate what testimony or witnesses or evidence he considered from the destroying private property prosecution to prove that Hess was not of good behavior or that he had violated the law." *Id.* at 743. "The judge simply stated that, based upon evidence that he

- 6 -

heard the previous proceeding, he was satisfied that Hess was guilty of having destroyed private property." *Id.* "The judge expressly based his finding of a probation violation and revocation upon unspecified testimony that he had heard in the earlier proceeding." *Id.*

This case is readily distinguishable from *Hess*. Here, the circuit court considered the federal convictions, which were included in the MVR presented to the court for the revocation hearing. Moore did not object to the MVR regarding the charge. Still, on appeal, he contends that the court's statement relied on facts that were not in evidence in this case. The court articulated that

> [O]ne would think that after pulling six years in prison for distribution, that upon being released from prison, the defendant would refrain from that type of behavior in the future. That is not what he did. He did just the opposite. In fact, he added to it. He compounded it by the amount of cocaine of which he was in possession. He was convicted of possession, one count of possession of 50 grams with the intent to distribute, 50 grams of cocaine.

Moore argues that the court improperly considered the amount of cocaine for which he was charged with possession in federal court. The MVR was admitted into evidence by the circuit court without objection by either party. *See Heart*, 75 Va. App. at 473 ("[T]he admissibility of evidence is within the broad discretion of the trial court[.]"). Thus, the circuit court was permitted to rely on the MVR during the revocation hearing. Additionally, to the extent that the amount of cocaine included in the MVR constituted hearsay, it was nevertheless admissible. "The rules of evidence are not 'strictly applied' in [revocation] proceedings, and hearsay is 'frequently admitted.'" *Jenkins v. Commonwealth*, 71 Va. App. 334, 343 (2019). Rather, "hearsay contained in a probation report" is admissible in revocation proceedings as long as it "bear[s] some indicia of reliability." *Id.* at 344 (first quoting *Thomas v. Commonwealth*, 18 Va. App. 656, 659 (1994); and then quoting *Blunt v. Commonwealth*, 62 Va. App. 1, 9 (2013)). *But see Turner v. Commonwealth*, 278 Va. 739, 743-45 (2009) (noting the circuit court erred in

admitting a major violation report that contained the results of the defendant's polygraph test because it falls short of being "demonstrably reliable"). Therefore, the circuit court did not abuse its discretion in considering Moore's federal conviction during the probation hearing.

### B. *Participation in federal rehabilitative programs.*

Moore argues that the court did not properly weigh his desire to participate in federal rehabilitative programs such as drug treatment and re-entry programs, including a halfway house. A factfinder "is not required to give controlling effect to the mitigating evidence," but it should at least consider mitigating evidence in imposing an appropriate sentence. *Sheets v. Commonwealth*, 80 Va. App. 706, 718 (2024) (quoting *Reid v. Commonwealth*, 256 Va. 561, 569 (1998)). "Barring clear evidence to the contrary, [an appellate court] will not presume that a [circuit] court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Barrow v. Commonwealth*, 81 Va. App. 535, 544 (2024) (first alteration in original) (quoting *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992)). "It is within the [circuit] court's purview to weigh any mitigating factors presented by the defendant." *Id.* (quoting *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000)).

In sentencing Moore, the court considered his repeated violations of the conditions of his parole and found that he compounded the degree of his original crime. Specifically, the court noted that Moore was initially convicted of two counts of distribution second offense, and "[h]e compounded it by the amount of cocaine of which he was in possession." Additionally, the court highlighted that Moore was convicted of possession of a firearm in furtherance of drug trafficking. The court, taking into consideration all of Moore's mitigating and aggravating circumstances, concluded that the aggravating circumstances outweighed Moore's desire to participate in federal rehabilitation programs. Therefore, the court did not abuse its discretion in

denying Moore's request to have his sentence run concurrently with the federal one so he could participate in the federal rehabilitative programs.

## II. The circuit court did not abuse its discretion in sentencing Moore to good behavior for life under Code § 19.2-306(C).

Acknowledging that his challenge to the circuit court's 2023 revocation order has not been preserved, Moore argues that the circuit court erred in imposing "a period of good behavior for life in excess of its statutory authority under Code § 19.2-306." He contends that the amended Code § 19.2-306 does not permit a court to impose good behavior for life.

The statute permits the circuit court to resuspend sentence "for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served." Code § 19.2-306. Moore states that "the period of life is indeterminate, and therefore a circuit court cannot subtract in advance the time already served from the length of a defendant's life." During oral argument, Moore conceded that a period of 100 or even 300 years would be permissible because the statutory language "up to" requires a numerical sentence. But he argues that a period of up to life is impermissible because it would render the statutory language "less any time served" meaningless for defendants like himself who face a possible life sentence on their underlying conviction. Accordingly, he asserts that the revocation order at issue was void ab initio under *Rawls v. Commonwealth*, 278 Va. 213 (2009). Alternatively, if this Court finds that the order is voidable rather than void ab initio or that Moore failed to preserve this issue, Moore asks this Court to invoke the ends of justice exception to Rule 5A:18 because he "received a sentence that was beyond the court's statutory authority under [Code] § 19.2-306" and "requiring [him] to be of good behavior for life . . . would be a 'grave injustice.'"

The error Moore identifies would be voidable, not void, for the reasons set out in *Cisneros v. Commonwealth*, 82 Va. App. 147 (2024). Even assuming without deciding that

Moore's assignment of error could meet the ends of justice exception, *McGinnis v. Commonwealth*, 296 Va. 489, 501 (2018),[5] Moore has not carried his burden to persuade us that the circuit court abused its discretion by imposing a lifetime term of good behavior under Code § 19.2-306.

### A. *The 2023 Revocation Order is not void.*

Even if the circuit court's 2023 sentencing order improperly applied Code § 19.2-306, the order is not void ab initio. "A judgment that is void ab initio, often simply referred to as void, can be challenged for the first time on appeal because it is a judicial nullity." *Terry v. Commonwealth*, 81 Va. App. 241, 250 (2024). "A judgment which is void ab initio is a judgment so affected by a fundamental infirmity that it is no judgment at all." *Hannah v. Commonwealth*, 303 Va. 106, 119 (2024). In *Hannah*, the Supreme Court of Virginia left unanswered the question of "whether the final order imposed a period of suspension in excess of that allowed by Code § 19.2-306(C), and if so, whether that renders the order voidable or void ab initio." *Id.* at 118.

Five circumstances may give rise to judgments that are void ab initio: "when (1) [the judgment] was procured by fraud, (2) the court lacked subject matter jurisdiction, (3) the court lacked jurisdiction over the parties, (4) the judgment is of a character that the court lacked power to render, or (5) the court adopted an unlawful procedure." *Id.* at 119-20 (alteration in original) (quoting *Watson v. Commonwealth*, 297 Va. 347, 350 (2019)). Further, "'a sentence imposed in violation of a prescribed statutory range of punishment is void ab initio' because the court lacked the power to render it." *Terry*, 81 Va. App. at 251 (quoting *Rawls*, 278 Va. at 221).

---

[5] In *Cisneros*, this Court held that the order "cannot be void for relying upon [two] prior [revocation] orders" that were voidable rather than void ab initio. 82 Va. App. at 169. Because the prior revocation orders were only voidable and appellant failed to preserve the challenges below, he could not challenge them on appeal. *Id.* at 170, 174 (declining to invoke the ends of justice exception).

Alternatively, "[a]n order is voidable rather than void if the circuit court erred but acted 'within the bounds of its authority.'" *Terry*, 81 Va. App. at 250 (quoting *Hannah*, 303 Va. at 120). "Voidable judgments are more common and usually involve a court's failure to comply with precedent or an applicable statute." *Id.* at 251 (quoting *Hannah*, 303 Va. at 120).[6]

"[A] *sentence* imposed in violation of a prescribed statutory range of punishment is void ab initio because the character of the judgment was not such as the [c]ourt had the power to render." *Commonwealth v. Watson*, 297 Va. 355, 358 (2019) (second alteration in original) (quoting *Rawls*, 278 Va. at 221). However, there is a distinction between an initial sentencing and any subsequent revocation proceeding. *Cisneros*, 82 Va. App. at 167 ("'[A] resuspension is fundamentally distinct from the initial act of sentencing following a criminal conviction' because '[t]he penalty imposed for a probation violation is not a new sentence but [instead] . . . a continuation of the original sentence[.]'" (all but first alteration in original) (quoting *Hannah*, 303 Va. at 121 n.5)). Thus, the revocation proceeding is "a new sentencing *event*[,] but it is not a new *sentence*." *Terry*, 81 Va. App. at 253 (alteration in original) (quoting *Canty v. Commonwealth*, 57 Va. App. 171, 179 n.9 (2010), *aff'd*, No. 102221, 2011 Va. LEXIS 253 (Oct. 7, 2011)). "Indeed, '[t]he statutory scheme governing sentence suspensions clearly does not

[6] "In general, '[a] sentencing order revoking a suspended sentence is not void when the [circuit] court "had jurisdiction over the subject matter and the parties."'" *Cisneros*, 82 Va. App. at 165 n.20 (first alteration in original) (quoting *Wilson v. Commonwealth*, 67 Va. App. 82, 92 (2016)). Because Code § 19.2-306(C) does not grant "categorical judicial power over criminal cases or their attendant proceedings," they cannot "reasonably be read to strip a [circuit] court of subject matter jurisdiction if the court violates those procedures." *Cilwa v. Commonwealth*, 298 Va. 259, 269 (2019); *see also Hannah*, 303 Va. at 124. "Active jurisdiction—'pragmatically called the "jurisdiction to err"'—involves a court's 'proper exercise of its authority consistent with "settled principles of the unwritten law" or any applicable "mandate of the statute law."'" *Cisneros*, 82 Va. App. at 165 n.20 (quoting *Cilwa*, 298 Va. at 266). "Thus, '[e]rrors in active jurisdiction may only render a decision voidable, not void ab initio for lack of jurisdiction.'" *Id.* (alteration in original) (quoting *Hannah*, 303 Va. at 123); *see also Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 56 (2018) ("[A] mistaken exercise of that [active] jurisdiction does not render its judgment void." (alteration in original) (quoting *Parrish v. Jessee*, 250 Va. 514, 521 (1995))).

confer any additional sentencing power on the courts. It provides [merely] for the court to reimpose the remainder of the original sentence or a portion of it.'" *Cisneros*, 82 Va. App. at 168 (alterations in original) (quoting *Terry*, 81 Va. App. at 253).

Code § 19.2-306(C) "limits the maximum length of the suspension period, measured from the date of the original sentence." *Id.* "Accordingly, where the [circuit] court has jurisdiction to revoke a suspended sentence under the provisions of Code § 19.2-306, failure to comply with the statutory parameters for reimposing and/or resuspending the sentence is voidable error that must be preserved in accordance with Rule 5A:18." *Id.* (quoting *Terry*, 81 Va. App. at 253-54).

B. *Assuming without deciding that the ends of justice exception to Rule 5A:18 applies, Moore fails to demonstrate that the circuit court abused its discretion by imposing a lifetime term of good behavior.*

Because the error Moore raises on appeal was voidable, not void ab initio, it had to be raised below. "No ruling of the [circuit] court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18; *see also Bell v. Commonwealth*, 81 Va. App. 616, 627-28 (2024) ("The purpose of this contemporaneous objection requirement is to allow the [circuit] court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." (quoting *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015))). "The ends of justice exception is narrow and is to be used sparingly, and [it] applies only in the extraordinary situation where a miscarriage of justice has occurred." *Cisneros*, 82 Va. App. at 170 (alteration in original) (quoting *Pulley v. Commonwealth*, 74 Va. App. 104, 126 (2021)). "Th[is] burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Id.* at 170-71 (alteration in original) (quoting *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (en banc)). "In order to show that

a miscarriage of justice has occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Id.* at 171 (quoting *Holt*, 66 Va. App. at 210).

"In any event, in cases where the ability of the Court to review an issue on appeal is in doubt, we may 'assume without deciding' that the issue can be reviewed provided that this permits us to resolve the appeal on the best and narrowest grounds." *McGinnis*, 296 Va. at 501. The narrowest ground is the one affecting the least number of cases. *Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) ("The 'best' answer to a legal question is the one with which the least number of jurists would disagree . . . . The 'narrowest' answer to a legal question is the one affecting the least number of cases."). A fact-bound or case-bound determination about the validity of an individual sentence, for instance, is required over broad pronouncements of law. *See id.* ("[A] ruling on the factual sufficiency of a single case will affect fewer subsequent cases than a broad pronouncement on an open legal question.").

"Under well-established principles, an issue of statutory interpretation is a pure question of law which [this Court] review[s] de novo." *Taylor v. Commonwealth*, 298 Va. 336, 341 (2020) (quoting *Conyers*, 273 Va. at 104). "When the language of a statute is unambiguous, [this Court is] bound by its plain meaning." *Id.* "In interpreting [a] statute, 'courts apply the plain meaning . . . unless the terms are ambiguous or applying the plain language would lead to an absurd result.'" *Id.* (alterations in original) (quoting *Boynton v. Kilgore*, 271 Va. 220, 227 (2006)).

Code § 19.2-306 establishes that "if a [circuit] court does not explicitly fix a period of suspension for a defendant's suspended sentence, the period of suspension is 'the maximum period for which the defendant might originally have been sentenced to be imprisoned.'" *Hamilton v. Commonwealth*, 79 Va. App. 699, 706 (2024) (quoting Code § 19.2-306(A)).

"Under the 2021 amendments to [the statute], 'the court shall measure the period of any suspension from the date of the entry of the original sentencing order.'" *Id.*; Code § 19.2-306(C). "[A] [circuit] court may combine the maximum potential sentences from a defendant's multiple underlying convictions in order to calculate the period of suspension when all of those convictions arose out of the same case." *Hamilton*, 79 Va. App. at 708. "[I]f a sentence imposed is within the statutory limits fixed by the legislature, the assumption is that the sentence will not be disturbed on appeal." *Cellucci*, 77 Va. App. at 48 (quoting *Bassett*, 13 Va. App. at 582); *see also Minh Duy Du*, 292 Va. at 564 ("[W]hen a statute prescribes a maximum imprisonment penalty[,] and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." (quoting *Alston*, 274 Va. at 771-72)).

Here, Moore was convicted of two counts of possession of cocaine with intent to distribute second offense under Code § 18.2-248. For a second offense, the statute permits a defendant to "be sentenced to imprisonment for life or for any period not less than five years." Code § 18.2-248(C). Thus, the statutory maximum that Moore could have originally been sentenced to imprisonment would have been two life sentences. During the original sentencing hearing, the court sentenced him to "good behavior indefinitely."[7] At the revocation hearing, the circuit court revoked his suspended sentence and reimposed the condition of good behavior for life. The circuit court's imposition of good behavior for life is different from the original imposition of good behavior indefinitely. Even though it was not a new sentencing event, the circuit court brought the terms of the sentencing order into consistency with the 2021 statutory

_____

[7] After the 2021 amendments became effective, indefinite periods of suspension cannot be used in original sentencing orders. *Johnson-Bey v. Commonwealth*, ___ Va. ___, ___ (Nov. 27, 2024). However, "[i]t has long been the law of the Commonwealth that retroactive application of statutes is disfavored and that 'statutes are to be construed to operate prospectively only unless a contrary intention is manifest and plain.'" *Id.* at ___ (quoting *City of Charlottesville v. Payne*, 299 Va. 515, 528 (2021)). Thus the 2021 amendments did not invalidate the 2015 order imposing an indefinite period of suspension.

amendments by reimposing a good behavior condition "for life." It is well-established that it was within the circuit court's sentencing power to reimpose a lifetime probation condition. We do not decide here whether the circuit court meaningfully amended the sentencing order by using the term "life" rather than "indefinitely." *See Taylor v. Commonwealth*, 78 Va. App. 147, 156 (2023) ("[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015))).

Virginia courts have often accepted probation terms of good behavior for life. *See Minh Duy Du*, 292 Va. at 565 ("Because the imposition of lifetime probation is far less severe than life imprisonment, a fortiori, Du's claim that the imposition of lifetime probation was excessive likewise fails."); *Johnson-Bey v. Commonwealth*, ___ Va. ___, ___ (Nov. 27, 2024) ("The entire term, however, was suspended subject to two conditions: Johnson-Bey must be on 'good behavior for an indeterminate period' and must successfully submit to the 'supervision of a Probation Officer for an indeterminate period.'"). This Court finds that the circuit court did not abuse its discretion when sentencing Moore to be of good behavior for life under Code § 19.2-306(C).

Further, Moore argues that "where the 'maximum period for which the defendant might originally have been sentenced to be imprisoned' is life, it is nonnumeric." He contends that "the statutory requirement that the trial court calculate the period of suspension 'less any time served' would be meaningless for defendants . . . who faced a possible life sentence on their underlying conviction." He asserts that "the period of life is indeterminate" and a trial court would be unable to "subtract in advance the time already served from the length of a defendant's life." Further, he suggests that "when an object of the preposition 'up to' is nonnumeric, the most natural meaning is to exclude the object."

Applying the plain meaning to the statute, Code § 19.2-306(C) clearly permits the imposition of a life sentence. *See Taylor*, 298 Va. at 341 ("In interpreting [a] statute, 'courts apply the plain meaning . . . unless the terms are ambiguous or applying the plain language would lead to an absurd result.'" (alterations in original) (quoting *Boynton*, 271 Va. at 227)). Black's Law Dictionary defines an indeterminate sentence as "[a] sentence of an unspecified duration, such as one for jail time of 10 to 20 years or [a] maximum jail term that the parole board can reduce, through statutory authorization, after the inmate has served the minimum time required by law." *Indeterminate sentence*, *Black's Law Dictionary* 1637 (11th ed. 2019). Conversely, a life sentence is "a sentence that imprisons the convicted criminal for life." *Life sentence*, *Black's Law Dictionary*, *supra*. The Supreme Court of Virginia has articulated that before the 2021 amendment, an indefinite term of suspension served "as both a carrot and stick":

> If a probationer kept out of trouble for a reasonable period of time, he could ask the judge to release him from supervised probation—knowing all along, however, that if he got into serious trouble, he could be ordered to serve all or part of the active sentence previously held in suspension. *After the 2021 amendments became effective, indefinite periods of suspension cannot be used in original sentencing orders.* This change in the law affects the discretionary authority of sentencing judges and implicates the potential liberty interests of probationers. The nature of this change is best understood as substantive rather than procedural.

*Johnson-Bey*, ___ Va. at ___ (emphasis added) (footnote omitted). While Moore is correct that periods of suspension are no longer allowed to be indefinite, a term of life is not indefinite because it is measured by the period of life. Additionally, Code § 19.2-306 is not in conflict with the statute that Moore was convicted under, which permits a defendant to "be sentenced to imprisonment for life." Code § 18.2-248(C).

Moore relies on an unpublished decision from this Court for the proposition that because the "object of the preposition 'up to' is nonnumeric, the most natural meaning is to exclude the object." *See Va. Dep't of Env't Quality v. E. End Landfill, LLC*, No. 0384-15-2, slip op. at 8,

- 16 -

2015 Va. App. LEXIS 302, at \*12 (Oct. 27, 2015) (citing *AK Steel Corp. v. Sollac*, 344 F.3d 1234, 1241 (Fed. Cir. 2003)).  However, "[t]he primary purpose of statutory interpretation 'is to ascertain and give effect to legislative intent.'"  *Holloway v. Commonwealth*, 72 Va. App. 370, 375 (2020) (quoting *Botkin v. Commonwealth*, 296 Va. 309, 314 (2018)).  "[C]ourts should give the fullest possible effect to the legislative intent embodied in the entire statutory enactment." *Id.* at 376 (alteration in original).  "In construing statutes enacted by the General Assembly, we are not permitted to read into the statute limiting language that does not exist." *Osman v. Commonwealth*, 76 Va. App. 613, 650 (2023) (quoting *George v. Commonwealth*, 51 Va. App. 137, 145 (2008)).  Further, "[t]wo statutes which are closely interrelated must be read and construed together and effect given to all of their provisions."  *Holloway*, 72 Va. App. at 376 (*Zamani v. Commonwealth*, 26 Va. App. 59, 63 (1997)).  Code § 19.2-306(C) allows a court to "again suspend all or any part of [the] sentence for a *period up to the statutory maximum period* for which the defendant might originally have been sentenced."  (Emphasis added).  Code § 19.2-306(C), being construed in relation to Code § 18.2-248, allows the "statutory maximum period" to be up to life imprisonment, and giving effect to the provisions of both statutes, it is apparent that a period of good behavior for life is permissible.  Thus, Moore's interpretation of the statute would lead to absurd results.  *See Jacobs v. Wilcoxson*, 71 Va. App. 521, 526 (2018) ("The phrase 'absurd result' has a specific meaning in our jurisprudence.  It 'describe[s] situations in which the law would be internally inconsistent or otherwise incapable of operation.'" (alteration in original) (quoting *Chaffins v. Atl. Coast Pipeline, LLC*, 293 Va. 564, 570 (2017)).

## CONCLUSION

For the foregoing reasons, this Court finds that the circuit court did not abuse its discretion in sentencing Moore to serve his sentence consecutively with his federal sentence and good

- 17 -

behavior for life under Code § 19.2-306(C).  This Court, therefore, affirms the circuit court's

judgment.

*Affirmed.*